## STATE v. JOHN H. AMIDON.

*Criminal Law. Pleadings. Amendment. Constitution,*
*sec. 32.*

When an indictment contains two counts charging the same crime, one ending with and the other without the words, " contrary to the form, force, etc., and against the peace and dignity of the State," the defective count can be amended by adding those words, although the Constitution provides that indictments shall conclude with the words, " against the peace and dignity of the State"; as it is a matter of form, and not of substance.

INDICTMENT. Heard on motion to amend, April Term, 1885, POWERS, J., presiding. Amendment allowed.

*H. M. McFarland,* for the State.

*W. Brigham,* for the respondent.

The opinion of the court was delivered by

Ross, J. The respondent excepted to the allowance by the County Court of an amendment to the first count in the indictment by adding at its close the words, " contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the State." The indictment is for an assault with a dan-

gerous weapon and contains two counts. The second count closes with the words allowed to be added to the first count. The counsel for the respondent contends, that the amendment was one of substance, and for that reason beyond the jurisdiction of the County Court to allow; and he bases his contention upon sec. 32 of the Constitution of the State, which declares: "All indictments shall conclude with these words, *against the peace and dignity of the State.*"

He insists that what the Constitution declares that an indictment shall contain is a matter of substance. Suppose this contention is conceded. Does not this indictment close with the very words prescribed? The indictment does not close at the end of the first count thereof. That count ends in the middle of the indictment. The two counts taken together form the indictment. As the indictment closes with the very words prescribed by the Constitution, the contention upon that basis is without support or foundation.

In indictments, matters of form may be amended; matters of substance may not be. It may be difficult to express in exact language, that will be applicable to every case, what constitutes the substance of an indictment, and what is merely formal. In general, I think it may be laid down that the statement of every fact necessary to be proven to make the act complained of a crime is matter of substance in an indictment, and that all beyond the order of arrangement, the precise words, unless particular words alone will convey the proper meaning, is formal. Says Judge BARRETT, in *State* v. *Arnold*, 50 Vt. 731: " It is obvious, without illustration, that a defect that does not affect the merits of the case, or the evidence necessary to be given to maintain the indictment, can be regarded as only formal." Says Lord Chief Justice DE GREY in *Rex* v. *Horne*, Cowp. 672, and adopted by Mr. Chitty in vol. 1, p. 213 of his work on Pleadings: " The charge must contain such a description of the

crime that the defendant may know what crime it is which he is called upon to answer; that the jury may appear to be warranted in their conclusion of 'guilty' or 'not guilty' upon the premises delivered to them, and that the court may see such a definite crime, that they may apply the punishment which the law prescribes."    Again says the Lord Chief Justice De Grey: "As to the *matter* to be charged, whatever circumstances are necessary to constitute the crime imputed, must be set out; and all beyond are surplusage."

Mr. Chitty concludes, p. 214: "Hence the science of special pleading may be considered under two heads; 1st, the *facts* necessary to be stated; and 2d, the *form* of the statement." The jury cannot take cognizance of a fact necessary to constitute a crime unless it appears upon the record in proper averment, or an averment that is traversable and capable of being proved or disproved. It has not been, and cannot be, seriously contended that the words allowed to be added to the first count of the indictment by the County Court contain an averment of any fact necessary to constitute the crime charged, an assault, or that was required to be proved or disproved to establish the crime charged, or to defend against the same. We conclude, therefore, that the amendment allowed was not matter of substance, but matter of form, and within the jurisdiction of the County Court to allow.

The judgment is, that the respondent takes nothing by his exceptions and the cause is remanded.