Ketline v. State.                    *59 N. J. L.*

---

WASHINGTON KETLINE, PLAINTIFF IN ERROR. v. THE STATE, DEFENDANT IN ERROR.

1. The statutory provision that no indictment shall be held insufficient for omitting to state the time at which the offence was committed, where time is not of the essence of the offence, is constitutional.
2. Under that statute an indictment which does not state any time for the commission of the offence charged, may, nevertheless, be sustained.

On error.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *Wilson H. Jenkins,* prosecutor of the pleas.

The opinion of the court was delivered by

DIXON, J.   The only question presented on this record is whether the indictment, which omits to state the time when the alleged offence was committed, can be sustained upon our statute (*Gen. Stat.*, *p.* 1128, § 42), which enacts that no indictment· shall be held insufficient for such an omission in any case where time is not of the essence of the offence, as it is not in this case.

The first point for consideration touches the power of the legislature, in view of those clauses of the constitution which declare that " in all criminal· prosecutions the accused shall have the right   *   *   *   to be informed of the nature and cause of the accusation," and that " no person shall be held to answer for a criminal offence, unless on the presentment or indictment of a grand jury," except in certain specified cases. The plaintiff in error contends that, as at common law and in this state, when the constitution was adopted, it was necessary in an indictment to assign some day for the commission of the offence and a failure to do so was not cured by verdict, a proper allegation of time forms an essential part of the definition of the word " indictment " as used in the constitution, and therefore cannot be dispensed with by statute.

If, at the adoption of our constitution, our legal system had required that an indictment should state *truly* the day when the alleged offence was committed, this contention must, I think, have prevailed, for the time would then have been in law, as it usually is in fact, an important circumstance for identifying the offence.   The accused would then have been entitled· to be informed of it, as a distinguishing feature of " the cause of the accusation," and the right to its disclosure would have been worthy of a place among those rights and privileges which the fundamental law secures.   But when we reflect that the time stated, if not a legal constituent of the offence, could always be utterly ignored in the proof and was never regarded by the law as giving the slightest information either to the accused or to the court, we perceive at once how formal and· insignificant was this allegation, and how unlikely

it is that its preservation was intended by the framers of the constitution.

We cannot deem it an essential element of a constitutional indictment.

Such has been the view taken elsewhere of this question.

Says Starkie : " The averment of time is altogether formal * * * unless some time be limited for the prosecution, or time itself be material to the constitution of the offence." 1 *Stark. Cr. Pl.* 54. So, Dr. Wharton : " Statutes which merely facilitate the pleading in a case, such as those providing * * * that formal statements as to time, place * * * are open to amendment on trial, are constitutional." *Whart. Cr. Pl. & Pr.*, § 90.

In *Noles* v. *State*, 24 *Ala.* 672, it was adjudged that, under constitutional provisions similar to ours, a statute enacting that it should not be necessary to allege in the indictment where the offence was committed, but that the proof must show it to have been within the jurisdiction of the county, was valid. Following this, the same court, in *Thompson* v. *State*, 25 *Id.* 41, held that the legislature could dispense also with the allegation of time, when the particular time was not a legal constituent of the offence, since the defendant had every legitimate advantage on the evidence which he could have had if time had been charged in the indictment. To the same effect is *People* v. *Kelly*, 6 *Cal.* 210 ; see, also, *Graves* v. *State*, 16 *Vroom* 347.

Our conclusion is that the statute accords with the constitution.

It is secondly insisted that because another law forbids the prosecution, trial or punishment of a person for any offence not punishable with death, unless the indictment be found within two years from the time of committing the offence (*Gen. Stat.*, *p.* 1146, § 130), therefore the indictment must show an offence committed within the two years next before its presentation.

This raises merely a question of statutory construction, and, since the law dispensing with the allegation of time was

enacted after the statute of limitations, the answer is manifest. The earlier enactment cannot defeat the later one.

But, on general principles, these acts are not incongruous. According to the maxim "*omnia rite acta esse præsumuntur*," it must be assumed, where there is no indication to the contrary, that the grand jury have indicted for an offence for which a prosecution can legally be instituted; and therefore, when the indictment does not show the date of the offence, there is no ground for an inference that prosecution is barred. If a date anterior to the limited period were alleged in the indictment, it might be thereupon, before verdict, adjudged that the prosecution was illegal; but even this is, on the authorities, open to controversy.

In *State* v. *Lyon*, 16 *Vroom* 272, the opinion was expressed that a time within the period not covered by the statute of limitations must be stated in the indictment, but no notice was then taken of the statute now invoked nor is any satisfactory reason given for the opinion.

The judgment below should be affirmed.

*For affirmance*—DIXON, GUMMERE, LIPPINCOTT, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, KRUEGER, NIXON.    10.

*For reversal*—THE CHANCELLOR, GARRISON.    2.