THEODORE J. PRICE v. THE STATE.

An indictment for causing pregnancy under section 204 of the Crimes act (*Gen. Stat.*, *p.* 1086) is not insufficient because it states more than one occasion upon which illicit intercourse occurred, and omits to state any certain time and place.

On *certiorari* to the Atlantic Quarter Sessions.

Argued at November Term, 1897, before Justices GAR-RISON and LIPPINCOTT.

For the prosecutor, *Henry S. Scovel.*

For the state, *Samuel E. Perry.*

The opinion of the court was delivered by

GARRISON, J. The indictment brought up by this writ charges that the prosecutor, on or about the 15th day of November, in the year 1895, and on divers other days in the months of November and December, 1895, and on divers other days in the months of January, February, March and April, 1896, being a single man, above the age of eighteen, under promise of marriage, did have sexual intercourse with one M. B., a single female, of good repute for chastity, under the age of twenty-one years, she thereby becoming pregnant.

The reasons assigned for quashing this indictment are two:

"*First.* Because the offence is charged and alleged to have been committed in continuity.

"*Second.* Because each act of having sexual intercourse, under the circumstances mentioned, is a distinct offence, hence two or more acts cannot be charged in the same count or indictment."

The statutory authority for this indictment is section 204 of the Crimes act. *Gen. Stat., p.* 1086. Its provisions are "that if any single man over the age of eighteen years, under promise of marriage, shall have sexual intercourse with any single woman of good repute for chastity, under the age of twenty-one years, and she shall thereby become pregnant, any person so offending shall be deemed guilty of a misdemeanor, and, on conviction," &c., * * * "and provided that in case the party offending marry the female at any time before sentence, then sentence shall be suspended, and he be discharged from custody, and in case he marry the female after sentence, then he shall be discharged from all further imprisonment."

It will be observed that the ensuance of pregnancy is the essential condition of this punitory legislation, the gravamen of which is not the *mala mens* of the offender, but the physiological result of his offence; by it fornication is not *malum in se*, but the production of pregnancy is *malum prohibitum*. Regarding the legislation not in its moral but in its legal aspect, the indictment based upon it is not open to criticism upon either of the grounds stated. By the peculiar structure of the statute, acts of illicit intercourse are not penal when committed, and at no time constitute an independent or complete ground of indictment. In case pregnancy ensue they become by way of relation evidence of an essential factor of the defendant's guilt. The rule that time and place must be stated with certainty in an indictment is limited to the offence, and does not include evidence, however essential, and is applicable only where that which happened at a certain time and place was indictable. The cases cited in the brief for prosecutor are all of this character—under indictments for incest, adultery, fornication, hunting on Sunday, single sales of liquor, &c.

I have drawn attention to this distinguishing feature because of the zeal with which the general rule of pleading was argued. A complete disposal of the motion to quash is, however, found in the statute (*Gen. Stat., p.* 1128, § 42) which enacts that no indictment shall be held insufficient for such an omission in any case where time is not of the essence of the offence, as it is not in this case. *Ketline* v. *State*, 30 *Vroom* 468.

The motion to quash is denied and the record sent back to the Atlantic Sessions for trial.