THE STATE, CHARLES U. DE HART, PROSECUTOR, v. THE GOOD WILL HOOK AND LADDER COMPANY, NO. 1, ATLANTIC CITY, ATLANTIC COUNTY.

1. A by-law of an active fire or hook and ladder company organized according to the general statutes of this state, and governed and regulated by its constitution and by-laws enacted in accordance therewith, which provide that any member of the company who shall be guilty of an act whereby the reputation of the company may be injured, witnessed by any members of said company, may be punished by expulsion; has no reference to the ordinary business transactions of the company with its members, and no reference whatever to financial difficulties which might arise out of such transactions between the company, its committees and the members thereof; and, considering the nature and character of such an organization under the laws, and its purposes and objects, such a by-law cannot be made the basis of a summary expulsion of a member by the company.

2. Such a by-law would only involve a liability of a member to expulsion when the act of the member, witnessed by another member or members, was one of moral turpitude, an act of cowardice or neglect in the performance of the active duties devolving on such member, or some criminal act, and does not involve any member in liability to expulsion because of business transactions of a financial character merely between the member and the company, whatever may be the difficulties arising out of the transaction; such differences must be settled by amicable adjustment or by an action or suit in a court of competent jurisdiction, and not by expelling the member and thus depriving him of his rights as a member of the company.

On *certiorari.*

Argued at November Term, 1897, before Justices GARRI-SON and LIPPINCOTT.

For the prosecutor, *James L. Van Syckel.*

For the defendant, *August Stephany.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This writ of *certiorari* is brought by the prosecutor to review the action of the Good Will Hook and Ladder Company, No. 1, of Atlantic City, in the county of Atlantic, in expelling him from the membership of such company.

It is an active fire company in active service and incorporated under the general statutes of this state, and governed by such statutes and the constitution and by-laws of the company.

The resolution ordering the name of the prosecutor to be stricken from the roll of members and expelling him from the company, was adopted at a meeting of the company on April 10th, 1897.

This action is sought to be sustained by the action and resolution of the company so adopted, which are claimed to be in accordance with article 12, section 15 of the by-laws, which reads as follows:

" Sec. 15. Any member of this company who shall be guilty of any act not otherwise provided for in sections 6 and 8 of this article (whereby the reputation of this company may be injured), it shall be the duty of any member or members witnessing said act to report the same to the president, who shall present the charges at the next meeting, when the company shall proceed to select, by ballot, five members from among those present at said meeting, who shall constitute a committee to take testimony on the case, with power to summon witnesses, the defendant having the privilege to appear before said committee in his own defence.    Said committee to report the result of their investigation at the next regular or special

meeting of the company for their action, when he may be punished by expulsion or such penalty as a majority of the members present may decide."

It is contended that the prosecutor did some act under this by-law whereby the reputation of the company might be injured.

It may be conceded that, so far as mere procedure was concerned, this section was complied with in the conviction of the prosecutor and in the erasure of his name from the roll, and that his expulsion from the company was made after due notice to him of charges preferred against him and opportunity to be heard in his own defence.

Much evidence has been taken to show the relation of the prosecutor to the company as one of its members. It is only necessary to say that the two differences between him and the company upon which action against him was based, so far as this evidence and the return to the writ show, were of a financial character and arising out of one transaction, in which he was authorized to act for the company, and the other entirely outside of and unconnected with his membership. But slight notice may be given to the evidence taken upon the rule under this writ. The proceedings of removal are set forth fully in the return to the writ, and clearly they are for a cause which cannot be sustained under the section of the by-laws relied upon.

At a meeting of the company held February 2d, 1897, a communication was received, as follows, to wit:

"ATLANTIC CITY, N. J., Jan. 6, 1897.
" President and members Good Will Hook and Ladder Company, No. 1.

" GENTLEMEN : I herein prefer charges against C. U. De Hart as follows : Using his position as former committee for his own personal gain in making claim on J. G. Adams & Co. for a brokerage on $8,000 loan secured by present building committee, and also for retaining in his hands moneys placed in his hands for use of building committee.

" WILLIAM H. AIKEN, *Secretary,*
" CHARLES W. MATHIS."

Upon these charges proceedings were taken against the prosecutor under section 15, article 12 of the by-laws, to which reference has been made. The prosecutor denied the right of the company or its committee appointed to investigate or act upon the charges preferred against him, and claimed that they were without warrant and illegal. The result finally was that the committee appointed to investigate these charges, on April 7th, 1897, reported as follows:

"ATLANTIC CITY, N. J., April 7, 1897.
"To the president and members of Good Will Hook and
    Ladder Company, No. 1.

"GENTLEMEN: Your committee to investigate charges preferred against Charles U. De Hart by William H. Aiken and Charles W. Mathis finds that they are true, and your committee finds the defendant guilty.

"Respectfully,
"SERAPH T. TILLIG,
"JOHN LOHNEIS,
"JACOB MUELLER,
"MICHAEL J. HORAN,
"CHARLES WEARER."

The record of this meeting then proceeds as follows: "Thereupon a motion was made that Charles U. De Hart be expelled, and the ayes and nays being called, the secretary called the roll, there being 11 ayes and 2 nays, and one pass. The chair declared Charles U. De Hart expelled and ordered his name dropped from the roll."

The evidence shows that the prosecutor had before this been the chairman of the building committee, for the erection of a company house, and had been entrusted with moneys to pay out for such erection. This was, in accordance with the by-laws, one of the duties of the building committee. After a time this committee was discharged, and another appointed in its place. At this time the claim is that there was left in the hands of the prosecutor the sum of $83.77, which, under the by-laws, ordinarily, he would be bound to pay over to

the company, or rather, under the by-laws, to the chairman of the new committee. The prosecutor failed to do this, contending that the old committee had been improperly discharged, or not discharged at all. No question has been made as to prosecutor's pecuniary ability to pay the amount, nor his honesty in the matter. He claims, under the by-laws, also, that he is compelled to pay all debts incurred by him as chairman of the building committee, and that he is entitled to hold these moneys until he is absolved from such liability. The whole evidence shows that this was a business transaction between the prosecutor and the hook and ladder company, out of which difficulties have arisen which can only be solved by an amicable adjustment, or by an account at law between the company and the prosecutor. So far as is shown by the return and the evidence, it displays no act of moral turpitude on the part of the prosecutor, nor any such act as comes within the provisions of the section of the by-laws in question.

The evidence also shows upon the other specification of charges relied upon by the defendant, and which also was made a basis of his expulsion, that the company desired to make a loan of $8,000 for the purpose of the erection of a company building, and the prosecutor was authorized to secure it. This he did through J. G. Adams & Company, real estate agents, at the usual commission, which was by the company paid to Adams & Company, or deducted from the amount secured as a loan. The prosecutor claimed that by virtue of a certain agreement with Adams & Company he was entitled to a share of the commissions on loans which he negotiated with them, and he deemed this to be one such and requested Adams & Company to pay him his share. It does not appear that Adams & Company refused to do it, or denied the prosecutor's claim, but it is certain that such share of this commission, claimed by the prosecutor, has not been paid to him. Even if it had, it is difficult to perceive what interest the company had in the matter. He had on this account abstracted nothing which belonged to it, nor had it paid any moneys out, which it would not have done, by reason of this

claim of the prosecutor. He had concealed nothing by which any loss in any shape had arisen to the company. The commission of Adams & Company was the usual one and received by them. Upon claim, or otherwise, they could bestow it upon anyone they chose, and whether they did so or not was no concern of the defendant company. It is absurd to claim it as a foundation by the defendant company under the by-law in question for proceedings to expel one of its members from the benefits of its incorporation.

Both these charges involved mere matters between the corporation and its member or officer, of a financial nature, involving questions of business propriety, and financial relations, open and unconcealed, and considering the nature of this organization and its objects and purposes, could not be made the basis of a summary attack for expulsion under a by-law which involved the member only in a liability for an act to be witnessed by some member "whereby the reputation of the company may be injured." This incorporated fire company is one which, under the law, is engaged in a work often requiring devotion to duty and courage in its performance. It can be readily perceived that an act of moral cowardice in the face of danger, or an act of neglect of duty, witnessed as required by the section of the by-laws to which reference has been made, could be made a proper reason for expulsion. No such act is revealed by the proceedings or evidence in this cause.

But the business and financial transactions of the company with its officers and members, which involve no criminal conduct or moral turpitude, cannot be made the subject of charges for summary expulsion from membership.

If it appeared upon the case as made that the prosecutor had been deprived of his rights as a member of this company, and there was an application for a *mandamus* to reinstate him and restore him to those rights, it would be very difficult to perceive upon what ground such relief could be denied. *Zeliff* v. *Knights of Pythias,* 24 *Vroom* 536 ; *Welch* v. *Passaic Hospital,* 30 *Id.* 142.

The conclusion reached is that the action, motions, resolutions, order of proceedings and proceedings, by which the name of the prosecutor was erased from the roll of the company, and expelling him therefrom, must be set aside, with costs.