THE STATE OF NEW JERSEY v. IRVING C. MINFORD.

Argued November 8, 1899—Decided February 26, 1900.

The conclusion of an indictment, although prescribed by the constitution, is nevertheless merely formal, and therefore the indictment in that regard is subject to amendment under statutory authority.

On indictment.

An indictment for libel, found in the Atlantic Oyer, was removed to this court by *certiorari.* In behalf of the defendant it is now moved to quash because the conclusion of the indictment runs "against the peace of this state and the dignity thereof" instead of "against the peace of this state, the government and dignity of the same," as prescribed by article 8, paragraph 4, of the constitution. In behalf of the state it is moved to amend so as to make the conclusion conform to the constitutional direction.

Before Justices GARRISON and COLLINS.

For the state, *David J. Pancoast.*

For the defendant, *Clarence L. Cole.*

The opinion of the court was delivered by

COLLINS, J. At common law all indictments except for mere non-feasance had to conclude thus : "Against the peace our lord the king." It was usual, but not necessary, to add, "his crown and dignity." 2 *Hale P. C. (1st Am. ed.)* 188. If the necessary conclusion was omitted the defendant might demur, move in arrest of judgment or bring a writ of error. *Arch. Cr. Pl.* 27, 29. So punctilious were the courts in this as in other matters, that now seem trivial, that if it appeared on the face of the indictment that the offence charged was committed in a previous reign it was necessary to conclude the indictment accordingly. In 1766, on a writ of error to the King's Bench, the lords took the opinion of the judges, which unanimously was that the concluding an indictment against the peace of the *now* king, when the offence was charged to have been committed in the time of the *late* king, was fatal and rendered the indictment insufficient. The reporter adds that it is very remarkable that from 1756, when Lord Mansfield came to preside in the King's Bench, to the

time of publication in 1771, this was the only instance of a reversal of a judgment of that court, although, from the importance and difficulty of the questions, there had been many writs of error in the Exchequer Chamber and in parliament. *Rex* v. *Lookup*, 3 *Burr.* 1901. To the modern lawyer not the least remarkable feature of the fact stated is that there should have been a reversal in that case. Another absurd requirement of the English law was that in case of an offence created or enlarged by statute the conclusion of the indictment must have embraced, also, the allegation that such offence was " against the form of the statute [or statutes] in such case made and provided," and grave deliberation has been had both in England and in this country as to whether a mistake in that regard in the use of the singular or plural number was fatal. 2 *Hale P. C.* (*1st Am. ed.*) 193, *note* 8. In this state the sensible rule was adopted that such a mistake was immaterial. *Townley* ads. *State*, 3 *Harr.* 311; *State* v *Dayton*, 3 *Zab.* 49. Such was the state of the English law when we received it. It was, to quote Lord Selborne with reference to one phase of the subject, in *Castro* v. *Queen, L. R.*, 6 *App. Cas.* 229, " highly technical but still well-settled law " that a defect in the conclusion of an indictment was fatal. Afterwards parliament gave relief. By 7 *Geo. IV.*, *c.* 64, § 20, the omission of a conclusion was cured after verdict and by 14 and 15 *Vict.*, *c.* 100, § 24, such omission was rendered altogether harmless. The revisers of our Criminal Procedure act, in 1874, introduced many remedial provisions adapted from the English statute. Among others still extant was one that no indictment shall be held insufficient " for want of a proper or formal conclusion." *Rev.*, *p.* 274, § 42; *Pamph. L.* 1898, *p.* 878, § 33. Non-essential, though customary, averments in indictments may be dispensed with (*Ketline* v. *State*, 30 *Vroom* 468), and no doubt the provision quoted is applicable to so much of the approved forms of conclusion as is derived solely from tradition, but I doubt if the legislature can override the *constitutional* prescription, even in a matter which would seem to be mainly directory, intro-

duced as it was originally in the constitution of 1776, when the change in government rendered some change in form of writs and indictments a necessity. I think, therefore, that an indictment that does not substantially conform to the requirement of the constitution in respect to the prescribed conclusion, is bad. Such seems to be the consensus of judicial opinion. 10 *Encycl. Pl. & Pr.* 441. The indictment before us is plainly defective. The real question presented is whether it is amendable. We hold that it is.

Although prescribed by the fundamental law the conclusion of an indictment is nevertheless purely formal. The function of the grand jury is the presentment of facts and the protection of the constitution of this state, in its provision that no person shall be held to answer for a criminal offence unless on the presentment or indictment of a grand jury, and that in all criminal prosecutions the accused shall have the right to be informed of the nature and cause of the accusation, is fully afforded if the facts presented constitute an offence. In matters of form, from an early time, the grand jury on presenting indictments has given consent to amendments in matters of form. In the present case it is admitted on the record that such consent was given, and the power to amend rests also on statute, as follows : " Every objection to any indictment, for any defect of form or substance apparent on the face thereof, shall be taken, by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards ; and every court before which such objection shall be taken for any such defect, or before whom any person shall be tried, may, if it be thought necessary, cause the indictment to be forthwith amended in any particular by some officer of the court or other person, and thereupon the trial shall proceed as if no such defect had appeared, or be postponed at the discretion of such court as hereinbefore provided in case of amendment for variance." *Pamph. L.* 1898, *p.* 881, § 44. Whether a defect of substance may be cured by amendment under this statute may be doubted. Defects of form undoubtedly may be.

Our judgment that the conclusion of an indictment is formal only and not matter of substance is supported by high judicial authority. The federal constitution prescribes no form of conclusion but, of course, in all essentials an indictment in a federal court must conform to its English prototype. By section 1025 of the United States Revised Statutes it is enacted that no indictment found and presented by a grand jury in any District or Circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment or other proceeding thereon be affected by reason of any defect in or imperfection in matter of form only, which shall not tend to the predjudice of the defendant. In *Frisbie* v. *United States,* 157 *U. S.* 160, this remedial enactment was held to cure the omission of any conclusion at all to an indictment then before the court upon writ of error brought on a conviction for a misdemeanor. Mr. Justice Brewer spoke thus for the court : " So far as respects the objection that the count does not conclude that the offence charged was ' contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States,' it is sufficient to state that such allegation, which is one of a mere conclusion of law, is not of the substance of the charge, and the omission is of a matter of form, which does not tend to the prejudice of the defendant and is, therefore, within the rule of section 1025 (*Rev. Stat.*) to be disregarded."

The case of *Cain* v. *State,* 4 *Blackf.* 512, is a close precedent for our present decision. It goes farther indeed than we need to, for the right to amend was rested solely on the consent of the grand jury presumed to have been given on the presentation of the indictment. The constitution of Indiana prescribes that all indictments shall conclude " against the peace and dignity of the state." The challenged indictment concluded " against the peace of the state." The trial court, against objection, amended, by inserting the omitted words. This action was approved by the Supreme Court in these words : " The words with which the constitution requires all indictments to conclude are mere words of form. The facts

are found by the jury on their oath, but the conclusion is affixed by law. The grand jury have nothing to do with finding that conclusion, nor does the constitution require that it should be found by the grand jury. The amendment made in this case did not hinder, delay or embarrass the defendant nor did it deprive him of any just means of defence. We think the court did right in permitting the amendment, and that the judgment of the Circuit Court should be affirmed."

Let the indictment be amended so as to conform to the constitutional requirement, and let it then be remanded to the Atlantic Oyer for trial.