GERARDO RADICE, RELATOR, v. THE ITALIAN–AMERICAN CHRISTOPHER COLUMBUS SOCIETY, INCORPORATED.

VITO MASSARO, RELATOR, v. THE SAME.

Argued June 5, 1901—Decided November 11, 1901.

The constitution of a mutual benefit association prescribed the penalty of expulsion against members who shall have impugned the honor or the name of the society, either in word or deed, or who shall have talked against the society, thus staining the good name and honor of the same. Two of the members had been appointed upon a committee to defend certain suits against the society in the civil courts. The suits were decided against the society. A motion to expel the two members on account of the loss of two suits against the society, and in the case of M., one of the two members, on account of his disorderly manner, in pressing a motion for sick benefits for his brother, and his refusal to cease talking when ordered to do so, prevailed. *Held,* on review, that the charges gave no jurisdiction for the expulsion, and that the members so expelled should be reinstated.

On *mandamus.*

Before Justices GUMMERE and HENDRICKSON.

For the relators, *Aaron V. Dawes.*

For the defendant, *W. Holt Apgar.*

The opinion of the court was delivered by

HENDRICKSON, J. The relators, under rules to show cause in these cases, have applied for writs of *mandamus* to compel their restoration to membership in the defendant society, from which they have been expelled. The state of the case agreed upon shows that the defendant is a mutual benefit association, whose sole object is the paying of sick and death benefits to its members, who pay monthly dues.

The relators had been members since 1889, had paid their dues and were in good standing in the society.

The only semblance of charges upon which the expulsion might be based is found in the terms of a motion that was offered and passed at the same meeting. The motion was, in effect, that the relators should be expelled, under article 78 of the constitution, on account of the loss of two suits against the society, which they, with three other members, had been appointed to defend; and in Massaro's case on account of his alleged disorderly manner, in pressing a motion for sick benefits for his brother, and his refusal to cease talking when ordered to do so. The only grounds for expulsion are contained in said section 78 of the constitution. It is there prescribed that there shall be expelled, on a majority of votes, those members who shall have impugned the honor or the name of the society, either in word or in deed, or who shall have talked against the society, thus staining the good name and honor of the same, or who stain themselves with infamy, if public opinion or the civil authorities shall hold them as such.

As before stated, the relators were appointed members of a committee to conduct the defence, for the society, in certain suits pending against it in the District Court of the city of Trenton, which were decided against the society. After this the board of administration of the society, at a meeting of which the relators had no notice, voted "that these relators be put under article 78 of the constitution, and expelled for having lost the said two cases."

At the meeting of the society, when the motion to expel was adopted, the minutes of the board of administration were read, recommending that the relators be expelled.

It is too plain to need comment that there is nothing here alleged against the relators, as to their mode of directing the defence of the suits; that could make them amenable to punishment under the article in question. For all that appears in this part of the charge, the relators may have performed the duty so assigned to them with diligence and good faith.

The other part of the charge only affects Massaro, and as to him is equally unavailing to confer upon the society the jurisdiction required for expulsion.

· It has been urged that the breach of order charged against him, for which he was fined by the presiding officer, brings the case within article 78. But the plain tenor of the article, so far as it defines the misconduct of members in impugning the honor and good name of the society, or by talking against it, is that it refers to acts and conversations, not in debate at the regular meetings of the society among its own members, but with, or in the presence of, persons outside of the society.

The opinion of this court in *De Hart* v. *Hook and Ladder Co.,* 32 *Vroom* 507, is somewhat illustrative of the construction here suggested. In that case a by-law of a fire company rendered a member liable to expulsion who was found guilty of any act whereby the reputation of the company might be injured. It was held that this by-law had no reference to the ordinary business transactions of the company with its members, but only to an act of moral turpitude, or of cowardice or neglect in the performance of active duties by the member.

But another reason for this view is found in the fact that the breach of order referred to was punished at the time by a fine, which was paid. And we may justly presume that this was the appropriate penalty provided in the by-laws for such misconduct.

Since we thus find that the charges submitted failed to give the society any jurisdiction to entertain the motion to expel the relators therefrom, it becomes unnecessary to consider the other questions raised at the argument. The facts are not disputed in this case, and since the law is clear upon the subject, a peremptory writ of *mandamus* becomes the proper remedy.

The writ will be allowed in each case, with costs.