NORMAN D. DARMSTATTER, PROSECUTOR, v. THE CITY COUNCIL OF THE CITY OF PASSAIC, DEFENDANT.

Argued March 25, 1911—Decided April 4, 1911.

1. A mere resolution of a city council appointing a special committee of its members to investigate "the transfer of certain licenses and the truth of certain charges against certain members" of the council, without specifying them by name, and without notice to the prosecutor that any charge was pending against him as a member of the council, and without a copy of the charge, or an opportunity to be heard before the city council in his defence, cannot legally be made the basis for the expulsion of the prosecutor from his seat as a member of such council under the nineteenth section of the charter of the city of Passaic.

2. A charge of "grafting" against a member of the city council is equivalent to a charge of disorderly conduct within the language of the Passaic city charter.

On *certiorari,* removing resolution of Passaic city council.

For the prosecutor, *Edward F. Merrey.*

For the defendant, *John Scott Davison.*

The opinion of the court was delivered by

MINTURN, J. The writ of *certiorari* in this case removes for review a resolution of the city council of Passaic city declaring vacant the seat held by the prosecutor in that body. The legality of this action is challenged upon the ground that the prosecutor had neither notice of a trial or a hearing before the city council, as required by the nineteenth section of the city charter which empowers the city council to "punish or expel a member for disorderly conduct or a violation of its rules, but no expulsion shall take place except by a vote of two-thirds of all the members elected, nor until the delinquent member shall have had five days' notice of the proceedings and an opportunity to be heard in his defence."

The procedure which resulted in his expulsion consisted of a resolution passed by the council as the sequence to certain charges made orally upon the floor of the council chamber during a session of that body by one Klouthamer, reflecting upon the public honesty of certain members of the council and was as follows:

"Resolved, that a special Committee be appointed by the President to investigate the transfer of certain licenses and the truth of certain charges against certain members of this Council."

That committee, having heard the prosecutor and others, reported that they found him guilty of disorderly conduct in his official capacity and recommended that his councilmanic seat be declared vacant. Without any official consideration of the testimony taken by the special committee, in fact without having the testimony before them, and without any official knowledge of the facts constituting the prosecutor's alleged guilt and without citing him to be heard

in his defence, and without the formality of a hearing before the body empowered by law to expel him, the prosecutor was thereupon expelled by the following resolution:

"Resolved, that said Councilman Norman D. Darmstatter be and he is hereby disqualified from holding the said office of councilman in the City of Passaic and that his seat in said Council be declared vacant."

Before the passage of this resolution a member of the council moved that the testimony and record of the proceedings in the matter be transcribed, a copy furnished to each member of the council, and that the matter be laid over until this would be done, but that motion failed, and the resolution of expulsion was thereupon adopted.

The record of the proceedings of the special committee discloses that the prosecutor and the other councilmen who conceived that they were attacked by the original resolution, appeared before the committee and gave their testimony, and that the city clerk notified them of the hearing and enclosed in the notice a copy of the councilmanic minutes providing for the appointment of the committee of investigation. There does not appear in this record any resolution charging the prosecutor with disorderly conduct or requiring him to meet any accusation that had been preferred against him. At most, we are presented only with a resolution requiring a special committee "to investigate the truth of certain charges against certain members" without specifying what the charges are or who the "certain members" are.

Under the terms of this resolution, it was plainly the duty of the prosecutor and of every member of the council to appear and give testimony, without subjecting himself to an incriminating accusation of being one of the "certain members" suspected of guilt. For aught that appears from this resolution, its plain intent was to appoint a committee to throw light upon the accusations of graft made orally by Klouthamer in open meeting but not reduced to writing so as to incriminate anybody officially; and to report back its conclusion to the council, so that that body might have defi-

nite information in official form upon which to act. It became the duty of the members of the council therefore to assist this committee of investigation by testimony and advice, without having cast upon them, by indirection, the stigma or suspicion of criminality, and in that light I must view the appearance and testimony of the prosecutor before this committee. I conceive that the hearing before this committee was not under the terms of the resolution a trial of this prosecutor, as required by the provisions of the charter, but only an investigation to enlighten the council upon oral charges which required substantiation before being made the basis for definite municipal action. To accord to this simple resolution of general investigation the character of a special indictment against this prosecutor is to violate the fundamental principle of our constitutional law for the protection of personal and individual rights, which requires "due process" as a condition precedent to the condemnation of the accused, and which has defined due process as "a law which hears before it condemns; which proceeds upon inquiry and renders judgment only after trial." *Dartmouth College* v. *Woodward, 4 Wheat. (U. S.) 518.*

It has been strenuously argued by the special counsel for the city, in a most painstaking brief, that the prosecutor has waived his rights to a trial by voluntarily testifying before the committee without objection. I do not so read this record, and it may be also said that the question of waiver can only be involved where the trial body is invested with jurisdiction in the first instance; and, as I have stated, I cannot read in the language of this resolution anything savoring of a power to try this prosecutor. If the resolution cannot be said to confer jurisdiction, surely the naked consent by an estoppel *in pais* cannot confer it. *Cooley Const. Lim.* 499. The power to try the prosecutor resides in the first instance, by legislation with the council, and that they cannot delegate it to a subordinate body has been the subject of repeated adjudication by this court. *Delegatus non potest delegare. Schultze* v. *Manchester, 32 Vroom 513; Salmon* v. *Hayes, 21 Id. 97; Durant* v. *Jersey City, 1 Dutcher 309.*

If this prosecutor were guilty of grafting, he was guilty of disorderly conduct within the meaning of the charter provision and was subject to removal from his office therefor. *State* v. *Jersey City,* 1 *Dutcher* 536. But the council derives its power to remove entirely from the language of the charter, and the proceeding being statutory, must be strictly pursued. *Schultze* v. *Manchester, supra; State* v. *Jersey City, supra; Krueger* v. *Chesilhurst,* 35 *Vroom* 523; *Bakely* v. *Nowrey,* 39 *Id.* 95; *Douglass* v. *Jersey City,* 24 *Id.* 118; *Bowlby* v. *Dover,* 39 *Id.* 97.

In the consideration of this case I have not found it necessary to peruse the testimony taken, and I find it unnecessary to consider the merits of the question involved therein. My attention has been directed solely to the legal question of procedure presented by the record, and upon that, for the reasons I have advanced, my conclusion is that the resolution in question declaring vacant the seat of this prosecutor must be set aside.