# Richmond

## JOE GUYNN V. COMMONWEALTH.

November 15, 1934.

Present, All the Justices.

The opinion states the case.

*R. E. Woolwine,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

CHINN, J., delivered the opinion of the court.

Joe Guynn was convicted in the Circuit Court of Patrick county of voluntary manslaughter and sentenced to three

years in the penitentiary. This writ of error is to that judgment.

The accused assigns three errors in his petition. The first assignment relates to the action of the court in over-ruling the motion of the accused to quash the indictment for defects appearing on the face of the same, and in permitting the attorney for the Commonwealth to amend the first count in the indictment by adding the words, "against the peace and dignity of the Commonwealth," which had been omitted therefrom. It appears that the indictment contains two counts. The first count charges the accused with the murder of one Protch Marshall. The second count charges Ed Guynn with aiding and abetting the accused in the commission of the alleged murder. It was upon the first count in the indictment that the accused was separately tried and found guilty as stated.

 It is well settled in this State that each and every count in an indictment must conclude with the words "against the peace and dignity of the Commonwealth," as required by section 106 of the Constitution, and the omission of such conclusion renders such indictment, or count therein, as the case may be, fatally defective. *Commonwealth* v. *Carney*, 4 Gratt. (45 Va.) 546; *Thompson* v. *Commonwealth*, 20 Gratt. (61 Va.) 724; *Early* v. *Commonwealth*, 86 Va. 921, 11 S. E. 795. Section 4877 of the Code provides, however, that, "At any time before the defendant pleads, a defective indictment for treason or felony may be amended by the court before which the trial is had that does not change the character of the offense charged." In *Puckett* v. *Commonwealth*, 134 Va. 574, 113 S. E. 853, 856, it is said: "It appears from the revisors' note to this section that it was intended to and, by fair construction, we think it does authorize, before the general issue is pleaded, any amendment of the indictment which does not change the nature of the offense charged." In *Jolly* v. *Commonwealth*, 136 Va. 756, 118 S. E. 109, 112, this court said: "The judicial and legislative policy of this State is to have

both civil and criminal cases 'tried on their merits and, as far as possible, to ignore mere formal defects.' "

The question of whether or not the trial court has authority under the statute, or otherwise, to amend an indictment by adding the constitutional conclusion, when the same has been omitted by the grand jury, has not, as far as we are advised, been passed upon by the court. It appears, however, that the immediate question has been decided in several other jurisdictions in which there is the same, or a similar constitutional requirement.

In the case of *State* v. *Minford,* 64 N. J. Law 518, 45 A. 817, the court held that the conclusion to an indictment was a matter of form, and so where the conclusions ran "against the peace of this State and the dignity thereof," instead of "against the peace of this State, the government and dignity of the same," as prescribed by the Constitution, it was proper for the court to direct an amendment correcting the error under the authority of the statute in that State.

In *State* v. *Amidon,* 58 Vt. 524, 2 A. 154, it was held proper to allow an amendment to a count in an indictment by inserting the words, "contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the State," at the close of the count, the court saying: "It has not been and cannot be seriously contended that the words allowed to be added to the first count of the indictment, by the county court, contain an averment of any fact necessary to constitute the crime charged, an assault, or that was required to be proved or disproved to establish the crime charged, or to defend against the same. We conclude, therefore, that the amendment allowed was not matter of substance, but matter of form, and within the jurisdiction of the county court to allow."

In *Cain* v. *State,* 4 Blackf. (Ind.) 512, wherein an indictment did not conclude "against the peace and dignity of the State," as required by the Constitution, the trial judge authorized an amendment correcting the omission. The court held that such an amendment was proper, since the grand

jury had nothing to do with the finding of that conclusion, and the amendment did not embarrass the defendant nor deprive him of any just means of defense.

█ There is no constitutional requirement in Virginia that prosecutions can only be had upon an indictment found by a grand jury. In *Pine* v. *Commonwealth*, 121 Va. 812, 93 S. E. 652, 659, the court said: "While the Constitution guarantees to every man the right to demand 'the cause and nature of his accusation,' it does not prescribe the manner in which this demand shall be complied with. It does not require that it shall be by indictment, or in any other prescribed manner. It may be by presentment or information, or in any other manner the legislature may provide."

█ The amendment in the instant case, though made in order to meet the requirements of the Constitution, did not change the character of the charge preferred by the grand jury, but was a matter of form only, which could not in any way prejudice the rights of the accused. We are, therefore, of the opinion that there was no error on the part of the trial court in permitting the indictment to be amended as complained of.

█ The next assignment of error is to the ruling of the court in permitting the attorney for the Commonwealth, over the objection of the accused, to ask the witness, John Montgomery, as to a conversation he had with Harvey Boyd, the brother-in-law of the accused. It appears that the only persons present at the time and place of the homicide, besides the accused and the deceased, were John Montgomery and Ed Guynn, brother of the accused. The parties had been to a shooting match in the neighborhood and all of them had been drinking. On their way home Ed Guynn and the accused came upon John Montgomery and the deceased and found them engaged in a fight. Ed Guynn separated them, and the deceased thereupon came up to the accused, who was standing to one side, and undertook to take the shotgun, which the accused was carrying under his arm, away from him. A scuffle ensued and the gun was discharged, fatally wounding the deceased. Up to that time

all the parties had been on friendly terms, and the accused claimed the gun went off accidentally, while it was the theory of the Commonwealth that the shooting was intentional; and this constitutes the main issue in the case. The questions and answers objected to are as follows:

"Q. You had a conversation with Harvey Boyd?

"A. Yes, sir.

"Q. Tell the court and jury all that passed between you.

"A. Well, he just said Protch Marshall is dead and gone and what I could swear to against Joe Guynn would not bring him back, to make it as light on Joe as I could."

It is shown that this alleged conversation took place out of the presence of the accused. We think it was prejudicial error to permit the evidence to go to the jury, under the circumstances. In *McBride's Case*, 95 Va. 818, 30 S. E. 454, 456, a witness for the Commonwealth testified that on one occasion he went home from church with the wife of the deceased, and then went on to say: "As I was leaving church she came up and took hold of me and would not let me go until we had gone about a half a mile. She begged me not to come down here as a witness against McBride, and said if I did and he was convicted, her father and brother would get into it." This evidence was objected to by the prisoner but the court overruled his objection. This court held that the evidence was clearly inadmissible, and the court erred in permitting the witness to introduce this irrelevant and injurious testimony against the accused.

The remaining assignment of error is as to the refusal of the court to set aside the verdict on the ground that the same was contrary to the law and evidence. In view of the fact, however, that the evidence is somewhat in conflict, and a new trial must be granted on the ground above mentioned, we will refrain from expressing any opinion on the question of the sufficiency of the evidence.

For the reason stated, the judgment of the lower court will be reversed, and the case remanded for a new trial to be had therein, if the Commonwealth should be so advised.

*Reversed and remanded.*