## State of Vermont v. George A. Bell

[385 A.2d 1094]

No. 9-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed April 4, 1978

*Richard G. English,* Addison County State's Attorney, and *Robert M. Butterfield,* Deputy State's Attorney, Middlebury, for Plaintiff.

*Peter F. Langrock,* Middlebury, for *amicus curiae* American Civil Liberties Union of Vermont.

*James L. Morse,* Defender General, and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

**Hill, J.**   Appellant George A. Bell was arrested and charged under an information which stated that he "knowingly and unlawfully did possess marijuana, to wit, at his home on State Aid #6 did possess a small quantity of marijuana, in violation of 18 V.S.A. Section 4224(a). against the peace and dignity of the State." Following trial in the District Court of Vermont, Unit No. 2, Addison Circuit, he was found guilty.

On appeal appellant claims that the State failed to establish a requisite element of the crime; namely, that the acts constituting the offense were "against the peace and dignity of the State." We have also received the brief of an amicus curiae. The amicus argues that prosecution under 18 V.S.A. § 4224(a) violates appellant's right of privacy as guaranteed by the state and federal constitutions.

## I.

■ Chapter II, Section 39, of the Vermont Constitution states that all indictments shall conclude with the words "against the peace and dignity of the State." V.R.Cr.P. 7(b) makes the same rule applicable to informations, and in District Court Form No. 2, "INFORMATION BY STATE'S ATTORNEY," the blank space in which the charged offense is to be described is followed by the words "against the peace and dignity of the State." Appellant argues that these words state a substantive element of the crime charged and that the State's failure to prove this element, in the face of evidence presented by the defense to show that appellant was not acting "against the peace and dignity of the State," renders his conviction invalid. However, this Court has already held, as have other courts considering similar questions, that the inclusion of the words "against the peace and dignity of the State" in an indictment is merely a matter of form. *State* v. *Amidon,* 58 Vt. 524, 2 A. 154 (1885); *State* v. *Minford,* 64 N.J.L. 518, 45 A. 817 (1900); *Guynn* v. *Commonwealth,* 163 Va. 1042, 177 S.E. 227 (1934). We think those decisions apply equally well to the use of the subject language in an information, and we therefore hold that the State was not required to prove that appellant's acts were "against the peace and dignity of the State."

■ Were we to find otherwise, it seems that in every trial of a criminal charge the trier of fact could be called upon to resolve not only the question of whether the accused committed the acts alleged, but also whether the acts were "against the peace and dignity of the State." This would place the trier in the position of reviewing the legislative judgment that certain acts should be prohibited. Such a result is not compelled by any law to which we have been cited, and in fact would be incompatible with the vesting of the police power in the legislature. "[A] state legislature is authorized to pass measures for the general welfare of the people of the state in the exercise of the police power, and is itself the judge of the necessity or expediency of the means adopted." *In re Guerra,* 94 Vt. 1, 8, 110 A. 224, 227 (1920).

## II.

The argument that appellant's prosecution under 18 V.S.A. § 4224 (a) infringed his constitutionally protected right of privacy was presented only in the brief of the amicus curiae. Appellant himself neither briefed nor argued the privacy claim and in fact stated expressly at oral argument that he did not subscribe to the theory presented in the amicus brief. Under these circumstances, it would be improper for us to determine the privacy claim. An amicus curiae may assist the court in its consideration of issues properly presented by the actual parties, but it may not question the constitutionality of an act on grounds not alleged by the parties. *Gem Stores, Inc.* v. *O'Brien,* 374 S.W.2d 109, 118 (Mo. 1963); *State* v. *Bonner,* 123 Mont. 414, 420–21, 214 P.2d 747, 751 (1950). This principle is a corollary of the rule that we may not consider the claim of one who has not demonstrated an injury to his legal rights. *Robtoy* v. *City of St. Albans,* 132 Vt. 503, 504, 505–06, 321 A.2d 45, 46, 47–48 (1974) ; *Lace* v. *U.V.M.,* 131 Vt. 170, 175–76, 303 A.2d 475, 478 (1973). Since appellant did not allege in this appeal that his right of privacy has been infringed, we may not consider that contention.

*For the foregoing reasons, the judgment of the District Court of Vermont, Unit No. 2, Addison Circuit is affirmed.*