Bruce S. Taylor v. James E. Malloy, Commissioner,
Department of Motor Vehicles

[411 A.2d 1357]

No. 136-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 5, 1980

*John J. Welch, Jr.,* Rutland, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *James E. Hirsch,* Assistant Attorney General, Montpelier, for Defendant.

**Per Curiam.** This is an appeal from an order of the Rutland Superior Court, which denied the appellant's request to permanently enjoin the Commissioner of Motor Vehicles from revoking his operator's license pursuant to 23 V.S.A. § 673a, Vermont's habitual traffic offender statute. The statute requires the Commissioner to revoke the license of an operator who has been convicted of "eight or more moving violations" within a consecutive period of five years. 23 V.S.A. § 673a(a), (b). According to the definition section of Title 23, for an offense to be a "moving violation," it must be a violation "of any provision *of this title.*" 23 V.S.A. § 4(44) (emphasis added). Appellant admits seven of the eight convictions, but argues that one of the eight convictions is not a "moving violation" because it was based on a violation of a municipal ordinance rather than of a provision of Title 23.

An injunction is an extraordinary remedy and will not be granted unless the right to relief is clear. *Committee to Save the Bishop's House* v. *Medical Center Hospital of Vermont, Inc.,* 136 Vt. 213, 218, 388 A.2d 827, 830 (1978). The traffic citation issued to appellant charged: "Limitations on Backing in violation of 27 R.O.R. 4938-1113 Code VO against the peace and dignity of the state." While 27 R.O.R. 4938 refers to a Rutland ordinance, "1113" is the section number of the state statute in Title 23 entitled "Limitations on backing." See 23 V.S.A. § 1113. The meaning of "Code VO" is nowhere explained in the evidence, and we decline to speculate. The phrase "against the peace and dignity of the state," while a mere matter of form, *State* v. *Bell,* 136 Vt. 144, 146, 385 A.2d 1094, 1095 (1978), nonetheless indicates that an offense against the state is charged. In light of these indications that both a violation of the ordinance and of the state statute were charged, we find that

the citation charged a state statute, and that the reference to the municipal ordinance was mere surplusage.

*Judgment affirmed.*