# Paul W. Meacham, Jr. v. William H. Conway, Commissioner, Department of Motor Vehicles

[435 A.2d 961]

No. 394-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed September 1, 1981

*John J. Welch, Jr.*, Rutland, for Plaintiff.

*John J. Easton, Jr.*, Attorney General, and *Thomas A. McCormick*, Assistant Attorney General, Montpelier, for Defendant.

Larrow, J. Appellant Meacham, as plaintiff below, sought to enjoin the Commissioner of Motor Vehicles from suspending his automobile operator's license for two years, as an habitual violator under 23 V.S.A. § 673a. Unsuccessful, although protected by injunction pending his appeal, he urges here the ground he asserted below. Two of his alleged convictions are not, he claims, within the statutory purview, because they are violations of municipal ordinances or regulations relating to vehicle speed, rather than a violation "of any provisions of this title." The title in question is 23 V.S.A., and the phrase is from 23 V.S.A. § 4(44), defining a "moving violation." We disagree, and affirm.

23 V.S.A. § 673a provides, in its pertinent part, as follows:

(a) The commissioner shall revoke the license of an operator or the right of an unlicensed person to operate a motor vehicle for a period of two years when the person is an habitual violator of the motor vehicle laws.

(b) The term "habitual violator" as used herein, shall mean any person who has been convicted in any court in this state of eight or more moving violations arising out of different incidents within a consecutive period of five years.

23 V.S.A. § 4(44) defines "moving violation" as follows:

(44) "Moving violation" shall mean any violation of any provision of this title, while the motor vehicle is being operated on a public highway, over which operation the operator has discretion as to commission of the act, with the exception of offenses pertaining to a parked vehicle, equipment, size, weight, inspection or registration of the vehicle.

Although the agreed statement of facts below is far from model, the parties concede on argument that the two offenses in question meet all the requirements for a moving violation except for the controversial clause "violation of any provision of this title." The statutes involved are also far from model, but we think the statutory scheme encompasses the offenses in question, and that such was the intent and purpose of the legislature. The mens rea of disregarding a posted speed limit is not dependent on which legally authorized body has ordered

it posted. We are not now required to, and did not then, reach this precise point in *Taylor* v. *Malloy*, 138 Vt. 66, 411 A.2d 1357 (1980).

 Apart from the practical considerations which impel us to avoid absurd results, several other factors militate in favor of our conclusion. Former 23 V.S.A. § 1142, and present 23 V.S.A. § 1007, embodying substantially the same provisions, set out procedures for the establishment of local speed regulations by the local legislative bodies, and provide that, so established, they shall "have the full force and effect of law." 23 V.S.A. § 1081, which establishes the state's basic speed limit, provides in subsection (c) thereof that the maximum speed limit so established may be altered in accordance with § 1007 (*i.e.*, locally). This would indicate a general legislative intent to bring speed limits legally established by local authorities within the ambit of Title 23, so that their violation would have the same status as violation of the general speed limit set up by the terms of the statute itself.

 Looking further, to legislative enactment later than the particular offenses here in question, we note that in setting up the present motor vehicle point system for violations (effective July 1, 1979), the legislature, for the purpose of identifying habitually reckless or negligent drivers and frequent violators of traffic regulations (23 V.S.A. § 2501), assessed the same number of penalty points against a violator of local speed limits as against violators of state speed zones and interstate speed limits. 23 V.S.A. § 2502(a)(1)(G), (H), (I). That the legislature considered these matters in pari materia is evidenced by the last sentence of § 2501, carefully preserving the authority of the department to suspend an habitual offender under § 673a, with which we are dealing in the instant case. We can agree that ordinances adopted under 23 V.S.A. § 1008, establishing local authority to make special regulations for vehicles other than as to speed, would not be "provisions of this title." Sections 2501 and 2502 recognize violations of this type of regulation as a separate category, subject also to point penalty. And the substantial requirement is that they neither duplicate nor contradict any provision of Title 23. 23 V.S.A. § 1008(c). But local speed regulations, as we have pointed out, do not "duplicate" or "contradict" statutory provisions, they

"alter" them. A violation of them becomes a violation of the applicable statutory provision, contained in Title 23. Being beyond dispute "moving" violations, and conceded to meet the requirements of 23 V.S.A. § 673a in other respects, the questioned offenses qualify under that section, and the appellant qualifies for the suspension therein provided.

*The judgment below dismissing the action with prejudice is affirmed. The injunction pending appeal is dissolved.*