511 So.2d 148 (1987)
Henry Mack McCURDY, Jr.
v.
STATE of Mississippi.
No. 57040.
Supreme Court of Mississippi.
August 12, 1987.
Johnny Pope, Carthage, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by H.M. Ray, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and ANDERSON, JJ.
WALKER, Chief Justice, for the Court:
Henry Mack McCurdy, Jr., was charged by indictment with burglary of an uninhabited house. Miss. Code Ann. § 97-17-33 (1972). After trial in the Circuit Court of Leake County, the jury returned a verdict of guilty. The trial judge sentenced McCurdy to a term of six (6) years imprisonment. From that conviction and sentence, McCurdy appeals. Finding no reversible error, we affirm the conviction and sentence.
Judy Lee Federick, a resident of Carthage, Mississippi, owned an unoccupied residence in the Renfroe Community of Leake County. On June 12, 1985, she went to check on the house, as she had done approximately twice per week since it had become vacant. She found nothing amiss.
When Judy Federick returned to the vacant house on June 15, 1985, she found that a back window of the house had been pried open. Clothes and toys stored at the house were strewn across the floor. The only items missing were two (2) Ford Magnum 500 tires and rims, which Judy Federick's brother, Jerry Cremeen, had stored there. Junior McCurdy (Junior), a relative of the appellant, Henry Mack McCurdy, Jr. (Henry), had helped Cremeen move the tires into the house approximately six (6) months prior to the theft.
Federick reported the burglary to the Canton Police Department. During the investigation, Officer Bobby Brown questioned Henry, who lived near the house from which the tires were taken. The record indicates that the distance between Henry's residence and the burglarized house was approximately three (3) miles by road and approximately one (1) mile as the crow flies.
Investigator Brown questioned Henry outside Henry's residence. After informing Henry of his Miranda rights, Brown asked what he knew about "some tires." Henry responded that he had some tires which he had obtained from a pawn shop. When Brown asked to see the tires, Henry unlocked the door to an old house twenty (20) to thirty (30) steps from his residence. Inside were two (2) tires fitting the description given by Cremeen.
Brown arrested Henry for possession of stolen property and drove him to the jail. There, having been read his Miranda rights a second time and having signed a written waiver of those rights, Henry gave the following statement:
On the night of June 12, 1985, about dark me and Jr. got two tires and rims. We in (sic) the window on the back side of the *150 house. The house is on a black top road near Renfroe. We rolled the tires home.
Officer Brown wrote down the statement and read it to Henry, who then signed it. Henry was charged with burglary and ultimately convicted. From his conviction and six (6) year sentence, he appeals, assigning four (4) errors:

I. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
Henry argues that the trial court should have granted his motion for directed verdict and his motion for judgment notwithstanding the verdict. Having reviewed the record, we are of the opinion that the evidence, considered in the light most favorable to the State, is sufficient to support the verdict. White v. State, 507 So.2d 98 (Miss. 1987); Jenkins v. State, 507 So.2d 89 (Miss. 1987); Meshell v. State, 506 So.2d 989 (Miss. 1987).

II. DID THE TRIAL COURT ERR IN DENYING THE MOTION FOR A NEW TRIAL?
Here Henry raises several issues, only one of which is not a rehashing of another assignment of error. He claims that the trial court should have granted him a new trial because his confession, which was admitted into evidence, was "incomplete, exaggerated and untrustworthy." Henry cites no authority for this claim; therefore, we need not consider it. Burk v. State, 506 So.2d 993 (Miss. 1987); Ramseur v. State, 368 So.2d 842 (Miss. 1979).

III. DID THE TRIAL COURT ERR IN PROCEEDING WITH TRIAL KNOWING THAT A KEY WITNESS WHO HAD BEEN SUBPOENAED AND PERSONALLY SERVED DID NOT APPEAR?
When the trial court asked, at the beginning of trial, that the oath be administered to all witnesses, defense counsel informed the trial court that a defense witness, Junior McCurdy, was not present although he had been subpoenaed and personally served. Defense counsel never requested a continuance to arrange for this witness's presence. We will not put the trial court in error on an issue not presented to it. Shavers v. State, 455 So.2d 1299 (Miss. 1984). This assignment of error is without merit.

IV. IS THE SENTENCE IMPOSED BY THE TRIAL COURT EXCESSIVE IN LIGHT OF THE FACTS?
Henry argues that the sentence of six (6) years was excessive in light of these facts: Henry was twenty-one (21) years old at the time of the sentence; he was married and had two (2) children; he had no prior criminal record; he cooperated with the authorities; and his crime was not one of violence. We note, however, that the sentence imposed was within the maximum penalty provided by statute for this offense, seven (7) years. Miss. Code Ann. § 97-17-33 (1972). A sentence will be upheld if it is within the statutory limits. Adams v. State, 410 So.2d 1332 (Miss. 1982).
Henry also argues that the sentence imposed was more harsh than the sentence of three (3) years which the State had agreed to recommend in exchange for Henry's guilty plea, which the trial court ultimately refused to accept, stating that Henry had a defense to the charge. We have searched the record in vain for any hint of such a plea agreement. The appellant is responsible for presenting to the reviewing court a record sufficient to undergird his assignments of error. Winters v. State, 473 So.2d 452 (Miss. 1985). This assignment of error is without merit.
Finding no reversible error, we affirm the conviction and sentence.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, J., concurs in result only.