662 So.2d 1051 (1995)
Robert Matthew BRANDAU
v.
STATE of Mississippi.
No. 92-KA-00189-SCT.
Supreme Court of Mississippi.
June 1, 1995.
Order Denying Petition for Rehearing September 28, 1995.
*1052 Herman F. Cox, Gulfport, for appellant.
Michael C. Moore, Atty. Gen., DeWitt T. Allred, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and BANKS and SMITH, JJ.
En Banc.
Affirmed.

ON PETITION FOR REHEARING

[Filed Sept. 28, 1995]
SMITH, Justice, for the Court:
Robert Matthew Brandau was convicted in the Circuit Court of the Second Judicial District of Harrison County on January 30, 1992, of the crimes of kidnapping and armed robbery. Brandau was sentenced on February 14, 1992, as an habitual offender to two concurrent terms of twenty years without parole. Aggrieved, Brandau appealed to this Court citing nine alleged errors.
This Court, on June 1, 1995, after thoroughly considering all issues raised by Brandau, affirmed without written opinion the judgment of the lower court. Brandau filed a Petition for Rehearing on June 15, 1995, and this Court requested a response by the State. The State filed a reply on June 27, 1995.
In his petition, Brandau raises three issues:
I. THE TRIAL COURT ERRED IN ALLOWING DR. MAGGIO TO TESTIFY AS AN EXPERT WITNESS FOR THE STATE ON THE ISSUE OF A DEFENDANT'S SANITY AT THE TIME OF THE COMMISSION OF THE OFFENSE AND THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE VERDICT EVINCED BIAS AND PREJUDICE AGAINST THE DEFENDANT.
II. THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT, ROBERT MATTHEW BRANDAU, WAS AN HABITUAL OFFENDER PURSUANT TO MISS. CODE ANN. § 99-19-81 (1972), AND FURTHER ERRED IN SENTENCING THE DEFENDANT TO A SENTENCE WITHOUT BENEFIT OF PAROLE.
III. THE TRIAL COURT ERRED IN GRANTING JURY INSTRUCTIONS S-1 AND S-2 ON BEHALF OF THE STATE OVER OBJECTIONS OF THE DEFENDANT.
Brandau's propositions I and III are mere repetitions of his original argument presented to this Court for its consideration. Both issues were thoroughly considered, determined to be without merit, and thus, need not be readdressed by this Court. Rule 40(a), M.R.A.P., provides that a "petition for rehearing is not intended to afford an opportunity for a mere repetition of the argument already considered by the Court." Likewise, the majority of Issue II is a mere repetition of Brandau's original argument. However, that part of Issue II concerning the State's failure to conclude Brandau's indictments with the words, "against the peace and dignity *1053 of the State of Mississippi," was not raised at trial, nor raised initially on Brandau's original appeal to this Court. Nevertheless, there is a need for discussion of that portion of this issue. After thorough consideration, this Court holds that Brandau is barred from raising Issue II on petition for rehearing.

FACTS
A limited recitation of the facts is all that is essential in determining this case. On January 30, 1992, Robert Matthew Brandau was convicted in the Circuit Court of the Second Judicial District of Harrison County, for the crimes of kidnapping and armed robbery of Irene Tucei. Brandau forced Tucei into her car and held her at gunpoint when she finished shopping at Gayfer's Department Store in a Biloxi on February 27, 1991. Brandau forced Tucei into her car, took her cash, travelers checks and credit cards and released her approximately two hours later. On March 1, 1991, Brandau was discovered attempting to use Tucei's Visa card at a BeBop record store. He was arrested at a Burger King shortly thereafter and found to be in possession of Tucei's automobile, keys and credit cards. Brandau was sentenced as a habitual offender on February 14, 1992, to serve two concurrent terms of twenty years imprisonment without parole. Brandau appealed to this Court who affirmed his conviction per curiam, prompting his Petition for Rehearing.

DISCUSSION OF LAW

II. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT, ROBERT MATTHEW BRANDAU, WAS AN HABITUAL OFFENDER PURSUANT MISS. CODE ANN. § 99-19-81 (1972), AND FURTHER ERRED IN SENTENCING THE DEFENDANT TO A SENTENCE WITHOUT BENEFIT OF PAROLE.
The purpose of a petition for rehearing is to call attention to specific errors of fact or law which this Court has either overlooked or misapprehended. Rule 40(a), M.R.A.P. This Court, in MST, Inc. v. Mississippi Chemical Corp., 610 So.2d 299 (Miss. 1992), stated:
The purpose of a petition for rehearing is not to allow counsel to add assignments of error which, for whatever reason, were not included in the appellant's original brief to this Court. Judicial economy dictates that we consider only those assignments of error set forth in the original brief. The purpose of the petition for rehearing is to allow the parties to point out `the points of law or facts which in the opinion of the petitioner this Court has overlooked or misapprehended... .' We cannot misapprehend or overlook that which is not presented for our review.

610 So.2d at 304 (emphasis added).
It should also be rather obvious that Brandau could not have raised this issue in his initial brief since he failed to object to the form of the indictments at trial. Only matters of jurisdiction may be raised for the first time on appeal. Patterson v. State, 594 So.2d 606, 609 (Miss. 1992).
The first part of Brandau's argument on this issue is merely a repetition of his original argument that this Court has already considered and rejected. Once again, the first section of this issue is deemed without merit by this Court. We therefore need only address the second portion of this issue raised by Brandau for the first time concerning the State's alleged failure to conclude Brandau's indictments with the words, "against the peace and dignity of the State of Mississippi." Brandau cites as authority this Court's recent case of McNeal v. State, 658 So.2d 1345 (Miss. 1995), petition for reh'g denied, (Miss. August 3, 1995).
In McNeal, this Court held that "Section 169 of the Mississippi Constitution of 1890 clearly states that a criminal indictment must `conclude' [with the phrase] `against the peace and dignity of the state.'" McNeal v. State, 658 So.2d at 1350 (Miss. 1995) (emphasis included), citing Love v. State, 8 So. 465 (Miss. 1891). The problem in McNeal was that the language charging McNeal as an habitual offender came after these words. McNeal v. State, 658 So.2d at 1349 (Miss. 1995). The McNeal Court also held that "[t]his defect does not affect McNeal's conviction." *1054 Id. at 1350. Miss. Code Ann. § 99-19-81-83 (1972), the habitual offender statutes, "are not criminal offenses and only affect sentencing." Id. at 1350-51, citing Osborne v. State, 404 So.2d 545, 548 (Miss. 1981). This Court denied the State's Petition for Rehearing in McNeal on August 3, 1995.
Brandau fails to note the one major distinguishing fact in his case as compared to McNeal. McNeal objected to the indictment at trial, on his original brief to this Court and in his response to the State's Petition for Rehearing, whereas Brandau attempts to raise the issue only at the time of filing his Petition for Rehearing.
Additionally, Brandau, citing Barnes v. State, 577 So.2d 840 (Miss. 1991), in an effort to avoid the procedural bar, argues that the State's failure to properly draft the wording of the indictment in his case affected a "fundamental right." He claims a "fundamental right" is an exception to the rule allowing this Court to apply a procedural bar. The "right" in question is not one of "notice," or a "fundamental right" but rather simply concerns whether there was a valid indictment. The mere fact that a procedural requirement is located in the Constitution does not necessarily elevate it to the status of a "fundamental right." The Constitution is replete with examples of this rule via this Court's interpretations. The privilege against self-incrimination is constitutional, but it is subject to waiver for failure to object. Roberson v. State, 595 So.2d 1310, 1315 (Miss. 1992). The right to the assistance of counsel is certainly constitutional, but it is subject to waiver for failure to object. Livingston v. State, 519 So.2d 1218, 1221 (Miss. 1988). The right of compulsory process for obtaining witnesses to testify for an accused is constitutional, but it too is subject to waiver for failure to object. McCurdy v. State, 511 So.2d 148, 150 (Miss. 1987).
More pertinent to the situation at hand, is a statute which provides that defects on the face of an indictment must be presented by way of demurrer. Miss. Code Ann. § 99-7-21 (1972). In none of the cases which have declared an indictment "void" or defective for the failure to have the conclusion, has the effect of this statute or the manner and timing of the presentation of the issue been discussed. See Love v. State, 8 So. 465 (Miss. 1891); Powell v. State, 196 Miss. 331, 17 So.2d 524 (1944); State v. Morgan, 79 Miss. 659, 31 So. 338 (1901); Miller v. State, 81 Miss. 162, 32 So. 951 (1902); But see Clingan v. State, 135 Miss. 621, 100 So. 185 (1924) (where we applied this rule when no demurrer was filed and rejected the suggestion that this court follow a limited Supreme Court decision relying on a federal statute immunizing indictments from attack for formal defects, and did not have any further discussion of our waiver statute). It is clear that where there is a defect in the charging portion of an indictment such that no crime is charged and the defect is not curable by amendment, this statute does not apply. Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989); Durr v. State, 446 So.2d 1016, 1017 (Miss. 1984); Maxie v. State, 330 So.2d 277, 278 (Miss. 1976). There is no waiver. We have never addressed the issue as to any constitutionally required formal portion of an indictment. Other states have.
In Guynn v. Commonwealth, 163 Va. 1042, 177 S.E. 227 (1934), the Supreme Court of Virginia faced this precise issue and found that the omission of the constitutionally required conclusion could be remedied by amendment. That court cited cases from New Jersey, Vermont, and Indiana to the same effect. State v. Minford, 64 N.J.L. 518, 45 A. 817 (1900); State v. Amidon, 58 Vt. 524, 2 A. 154 (1885); Cain v. State, 4 Blackf. 512 (Ind. 1838). It cited no contrary authority. The Court of Appeals of Texas has observed, however, that the required conclusion is an error of substance, not form alone. Dunn v. Texas, 646 S.W.2d 576 (Tex. Crim. App. 1983). While that case did not discuss whether the defect was subject to amendment, it would appear that in Texas prior to a constitutional amendment in 1985, such a defect could have been raised for the first time on appeal. See American Plant Food Corporation v. State, 508 S.W.2d 598 (Tex. Crim. App. 1974); Fisher v. State, 887 S.W.2d 49 (Tex. Crim. App. 1994) (discussing amendment to Tex. Const. art. V, § 12, allowing the legislature to pass laws permitting amendment *1055 to indictments to cure defects of substance as well as form).
We hold that, the formal defect is curable by amendment. It follows, therefore, that it is subject to waiver for the failure to demur to the indictment in accordance with our statute. Bolen v. State, 309 So.2d 524 (Miss. 1975); Moran v. State, 137 Miss. 435, 102 So. 388 (1925).
Brandau did not object to the form of the indictments at trial level. He failed to raise the issue in his original brief before this Court. His belated attempt to raise the issue on petition for rehearing is simply much too late. This issue is procedurally barred. Petition for rehearing denied.
COUNT I: CONVICTION OF KIDNAPPING AND SENTENCE OF TWENTY YEARS, AS AN HABITUAL OFFENDER, IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. COUNT II: CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY YEARS, AS AN HABITUAL OFFENDER, IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
McRAE, J., concurs in result only.
HAWKINS, C.J., not participating.