# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-01156-SCT

*LEON WILSON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/17/95 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., McRAE AND ROBERTS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

This case is an appeal from the denial of post conviction relief for Leon Wilson in the Circuit Court of Oktibbeha County. On August 2, 1993, the Oktibbeha County Grand Jury indicted Leon Wilson as an habitual offender for burglary and larceny of the house of Marty Bryan. Wilson entered a plea of guilty to grand larceny as an habitual offender on October 25, 1993. He was sentenced to a five-year prison term on October 27, 1993.

Wilson filed a petition for post-conviction relief in the Circuit Court of Oktibbeha County on August 30, 1995, claiming that he should not have been sentenced as an habitual offender. Wilson asserted that the portion of the indictment charging him as an habitual offender was unconstitutional. The court dismissed Wilson's petition without a hearing on October 17, 1995. Wilson now appeals, claiming that his claims are not procedurally barred, that he was denied effective assistance of

counsel, and that the part of the indictment charging him as an habitual offender is unconstitutional. Because we find no merit in these assignments of error, we will affirm Wilson's conviction.

The basis for Wilson's assignments of error lies in the indictment returned against him on August 2, 1993. The indictment for Leon Wilson charged him with burglary and larceny of a dwelling as an habitual offender. The first page of the indictment ended with "against the peace and dignity of the State of Mississippi; Continued. . ." On a separate page of the indictment were two paragraphs that detailed two prior convictions against Wilson for burglary and the corresponding sentences. These two paragraphs served as the basis for Wilson's habitual offender status.

## I.

Wilson relies on the case of *McNeal v. State*, 658 So.2d 1345 (Miss. 1995) to seek vacation of his habitual offender status and to declare him eligible for parole or probation. In *McNeal*, this Court was presented with a portion of an indictment charging the defendant as an habitual offender, which was on a separate page from the rest of the indictment. *Id.* at 1348-49. McNeal argued that his indictment ended on the first page, which concluded with the words "against the peace and dignity of the state of Mississippi," and that he could not be sentenced as an habitual offender because he was not properly charged as such. *Id.* at 1349.

Justice Roberts, writing for this Court, found that even though the indictment contained the words "against the peace and dignity of the State of Mississippi" and the defendant was on notice as to what criminal charges were being brought against him, the habitual offender portion of the indictment still came after those concluding words. *Id.* at 1350. Therefore, we reasoned, "§ 169 of the state constitution was not complied with and that portion of the indictment charging McNeal as an habitual offender was fatally defective." *Id.* We vacated McNeal's habitual offender status and allowed McNeal to be eligible for parole, but kept his burglary sentence in place. *Id.*

The State argues that Wilson is procedurally barred from making such a claim, because he failed to demur or bring the defect to the attention of the trial judge. *Crenshaw v. State*, 520 So.2d 131, 135 (Miss. 1988). Conversely, Wilson argues that *McNeal* was an "intervening decision" which would have actually adversely affected the outcome of his sentence. *See* **Miss. Code Ann.** § 99-39-5(2) (1995). An intervening decision alone does not preclude a waiver under **Miss. Code Ann.** § 99-39-21, but can only except the case from the effect of the three-year statute of limitations in § 99-39-5(2) and the prohibition of second petitions in 99-39-27(9). *Wiley v. State*, 517 So. 2d 1373, 1377 (Miss. 1987), *cert. denied*, 486 U.S. 1036, *reh'g denied*, 487 U.S.1246 (1988).

In the case *sub judice*, Wilson made no direct appeal of his conviction. Therefore, the issue of a faulty indictment was first brought before the trial court when the motion for post-conviction relief was made. A valid guilty plea, however, admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990). The deficiency appearing in the indictment complained about by Wilson is non-jurisdictional, and may not be raised for the very first time in an application for post-conviction relief or on direct appeal, absent ". . . a showing of cause and actual prejudice." *Id.* at 1353. *See* **Miss. Code Ann.** § 99-39-21(1).

The waiver section of the Post-Conviction Relief Act defines "cause" as "those cases where the legal

foundation upon which the claim for relief is based could not have been discovered with reasonable diligence at the time of trial or direct appeal." *Miss. Code. Ann.* § 99-39-21(4). "Actual prejudice" is defined as "those errors which would have actually adversely affected the ultimate outcome of the conviction or sentence." *Id.* at § 99-39-21(5). We particularly noted that the defendant in *McNeal* was not prejudiced by the technical violation within the indictment, due to his awareness of the charges and the indictment's compliance with Rule 2.05 of the Uniform Criminal Rules of Circuit Court Practice. *McNeal*, 658 So. 2d at 1350. Although this Court ultimately found that the habitual offender portion of McNeal's indictment was fatally defective, we did not address the question of waiver.

Wilson's indictment meets the requirements of Rule 2.05, which is now revised as Uniform Circuit and County Court Rule 7.06 (1995). *See McNeal*, 658 So. 2d at 1349. In addition, the motion for post-conviction relief here does not show such facts as are necessary to demonstrate that this claim is not procedurally barred. *See Smith v. State*, 477 So. 2d 191, 195 (Miss. 1985); *Miss. Code Ann.* § 99-39-21(6). There is nothing to indicate that Wilson objected to the indictment at any time before this appeal of denial of post-conviction relief. Wilson's objection to the portion of the indictment charging him as an habitual offender is procedurally barred, and his first assignment of error is without merit.

## II.

The standard of review for ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 688 (1984). The *Strickland* standard was first adopted by this Court in *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996); *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995).

The defendant has the burden of proving both prongs. *Id.* The adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a "totality of the circumstances." *Cole*, 666 So. 2d at 775. The level of scrutiny to be applied when measuring the performance of counsel against the deficiency and prejudicial prongs of *Strickland* is to look at the overall performance. *Taylor*, 682 So. 2d at 363. There is a strong, yet rebuttable, presumption that the actions by the defense counsel are reasonable and strategic. *Id.* Under the second prong of *Strickland*, the prejudicial prong, the defendant must show that there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

As to the first prong, Wilson asserts that the failure to object to or demur to the defective portion of the indictment constituted deficient performance. Given this Court's position on technical errors within indictments at the time of indictment, Wilson's attorney could not be held in error for making an argument that would probably fail. *See Reining v. State*, 606 So. 2d 1098, 1103 (Miss. 1992) (indictment sufficient to charge defendant with crime if it reasonably provides the accused with actual notice and complies with Rule 2.05 of the Unif. Crim. R. Cir. Ct. Prac.); *Benson v. State*, 551 So. 2d 188, 195 (Miss. 1989)(in habitual offender portion of indictment, failure to give dates of prior convictions did not make indictment fatally defective when other information in indictment afforded

defendant access to dates). As the objection probably would not have been well-taken, Wilson's attorney cannot be held in error for failing to object. *Martin v. State*, 609 So. 2d 435, 439 (Miss. 1992); *Perkins v. State*, 487 So. 2d 791, 792. (Miss. 1986). Having failed to meet the *Strickland* standard of overall deficiency, this assignment of error is without merit.

### III.

Wilson contends that the portion of the indictment charging him as an habitual offender is unconstitutional, due to the missing "against the peace and dignity of the State" language. "This Court has repeatedly held that such a claim may be exempt from such procedural bars where it is clear from the record that the circuit court has exceeded its statutory authority in sentencing and fundamental constitutional rights may be involved." *Kennedy v. State*, 626 So. 2d 103, 105 (Miss. 1993). However, "the mere fact that a procedural requirement is located in the Constitution does not necessarily elevate it to the status of a fundamental right." *Brandau v. State*, 662 So. 2d 1051, 1053 (Miss. 1995). Since the defect in the indictment could have been cured by amendment, it is subject to wavier for failure to demur. *Id.* at 1055. Since Wilson failed to object to the defective indictment prior to the motion for post-conviction relief, his third assignment of error is accordingly without merit.

Because Leon Wilson's assignments of error are without merit, we hereby affirm the circuit court's denial of post-conviction relief.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**