# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-01304-SCT

*R. D. MOORE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/95 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 6/12/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/3/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

R.D. Moore appeals from the denial of post-conviction relief in the Circuit Court of Sunflower County. Moore alleges that he was improperly indicted in the circuit court as an habitual defender and that he received ineffective assistance of counsel because his attorney failed to bring the improper indictment to the attention of the circuit judge. Upon careful review, we will affirm the circuit judge's denial of the motion to correct sentence.

## I.

On May 7, 1993, the Sunflower County Grand Jury indicted Moore as an habitual offender for sale of cocaine. At his arraignment, Moore pled not guilty and was appointed Alsee McDaniels as counsel. Subsequently, however, Moore entered a plea of guilty to sale of cocaine as an habitual offender on September 15, 1993. The circuit judge sentenced Moore to a ten-year prison term.

Moore filed a motion to correct sentence in the Circuit Court of Sunflower County on November 30, 1995, claiming that he should not have been sentenced as an habitual offender and asking that his sentence be corrected. Moore's assertion that he was illegally sentenced as an habitual offender was based on a decision of this Court, *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995). The circuit judge dismissed Moore's petition without a hearing on November 30, 1995. Moore now appeals from that dismissal.

The basis for Moore's assignments of error lies within the indictment returned against him on May 7, 1993. Moore's indictment charged him with sale of cocaine as an habitual offender. The first page of the indictment ended with "against the peace and dignity of the State of Mississippi." On a separate page of the indictment were two paragraphs detailing two prior convictions against Moore for burglary and the corresponding sentences. These two paragraphs served as the basis for Moore's habitual offender status.

## II.

Moore relies on the case of *McNeal v. State*, 658 So.2d 1345 (Miss. 1995) to seek vacation of his habitual offender status and to make him eligible for parole. In *McNeal*, this Court was presented with a portion of an indictment charging the defendant as an habitual offender, which was on a separate page from the rest of the indictment. *Id.* at 1348-49. McNeal argued that his indictment ended on the first page, which concluded with the words "against the peace and dignity of the state of Mississippi," and that he could not be sentenced as an habitual offender because he was not properly charged as such. *Id.* at 1349.

Justice Roberts, writing for this Court, found that even though the indictment contained the words "against the peace and dignity of the State of Mississippi" and the defendant was on notice as to what criminal charges were being brought against him, the habitual offender portion of the indictment still came after those concluding words. *Id.* at 1350. Therefore, this Court reasoned, "§ 169 of the state constitution was not complied with and that portion of the indictment charging McNeal as an habitual offender was fatally defective." *Id.* We vacated McNeal's habitual offender status and allowed McNeal to be eligible for parole; however, we kept his burglary sentence in place. *Id.*

The State argues that Moore is procedurally barred from making such a claim, because he failed to demur or bring the defect to the attention of the trial judge. *Brandau v. State*, 662 So. 2d 1051, 1053 (Miss. 1995). Contrastingly, Moore argues that *McNeal* was an "intervening decision" which would have actually adversely affected the outcome of his sentence. *See Miss. Code Ann.* § 99-39-5. An intervening decision alone does not preclude a waiver under *Miss. Code Ann.* § 99-39-21, but can only except the case from the effect of the three-year statute of limitations in § 99-39-5(2) and the prohibition of second petitions in 99-39-27(9). *Wiley v. State*, 517 So. 2d 1373, 1377 (Miss. 1987), *cert. denied*, 486 U.S. 1038 (1988).

Moore first brought the issue of a faulty indictment brought before the trial court when he made the motion to correct his sentence. A valid guilty plea, however, admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990). A plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction.

*Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992). The deficiency appearing in the indictment complained about by Moore is non-jurisdictional and may not be raised for the very first time in an application for post-conviction relief or on direct appeal, absent a showing of cause and actual prejudice. *Brooks*, 573 So. 2d at 1353. *See Miss. Code Ann.* § 99-39-21(1).

The waiver section of the Post-Conviction Relief Act defines "cause" as "those cases where the legal foundation upon which the claim for relief is based could not have been discovered with reasonable diligence at the time of trial or direct appeal." *Miss. Code. Ann.* § 99-39-21(4). "Actual prejudice" is defined as "those errors which would have actually adversely affected the ultimate outcome of the conviction or sentence." *Id.* at § 99-39-21(5). We particularly noted that the defendant in *McNeal* was not prejudiced by the technical violation within the indictment, due to his awareness of the charges and the indictment's compliance with Rule 2.05 of the Unif. Crim. R. Cir. Ct. Prac. *McNeal*, 658 So.2d at 1350. Although we ultimately found that the habitual offender portion of McNeal's indictment was fatally defective, we did not address the question of waiver.

Moore's indictment meets the requirements of Unif. Crim. R. Cir Ct. Prac. Rule 2.05, to which Moore admits. *See Id.* at 1349. Applying our reasoning in *McNeal* then, Moore cannot have been prejudiced by the technical violation within the indictment, since he was aware of the charges against him and the indictment complied with Rule 2.05. Moore's objection to the portion of the indictment charging him as an habitual offender is therefore procedurally barred.

Alternatively, Moore argues that a procedural bar has no applicability here because the error is a fundamental constitutional error. However, "the mere fact that a procedural requirement is located in the Constitution does not necessarily elevate it to the status of a fundamental right." *Brandau*, 662 So. 2d at 1053. Since the defect in the indictment could have been cured by amendment, it is subject to wavier for failure to demur. *Id.* at 1055. Because Moore failed to object to the defective indictment prior to the motion for post-conviction relief, and because the defects in the indictment were non-jurisdictional, the exception for fundamental constitutional error is not applicable.

### III.

Moore also alleges that he received ineffective assistance of counsel because his attorney failed to bring the faulty indictment to the attention of the circuit judge. The standard of review for ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 688 (1984), which was adopted by this Court in *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996); *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995).

Moore failed to allege with the "specificity and detail" required that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Perkins v. State*, 487 So. 2d 791, 793 (Miss. 1986). The facts Moore alleged in his proposed motion and the brief submitted in support thereof were not supported by any affidavits other than his own. Therefore, Moore's complaint concerning his lawyer effectiveness is without merit. *Brooks v. State*, 573 So. 2d 1350, 1354 (Miss. 1990).

Pursuant to *Strickland*, Moore's argument must also fail. As to the first prong, Moore asserts that the

failure of his counsel to object to or demur to the defective portion of the indictment constituted deficient performance. Given this Court's position on technical errors within indictments at the time of indictment, Moore's attorney would have made an argument that probably would have failed. *See Reining v. State*, 606 So. 2d 1098, 1103 (Miss. 1992)(indictment sufficient to charge defendant with crime if it reasonably provides the accused with actual notice and complies with Rule 2.05 of the Unif. Crim. R. Cir. Ct. Prac.); *Benson v. State*, 551 So. 2d 188, 195 (Miss. 1989)(in habitual offender portion of indictment, failure to give dates of prior convictions did not make indictment fatally defective when other information in indictment afforded defendant access to dates). As the objection probably would not have been well-taken, Moore's attorney cannot be held in error for failing to object. *Martin v. State*, 609 So. 2d 435, 439 (Miss. 1992); *Perkins*, 487 So. 2d at 792.

Finding no cause to reverse the circuit court based on Moore's assignments of error, we affirm the circuit court's denial of post-conviction relief.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**