## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 96-CA-00839-SCT

*JOHNNY HOWARD GARRETT*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/19/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | JOYCE CHILES |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/23/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/13/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

Johnny Howard Garrett ("Garrett") was indicted by the Leflore County Grand Jury on February 3, 1995, of two counts of aggravated assault, one count of kidnaping, and one count of rape. On February 27, 1995, Garrett pleaded guilty to all counts in the Circuit Court of Leflore County before Hon. Gray Evans. On January 2, 1996, Garrett filed a Petition for Post-Conviction Collateral Relief pursuant to Miss. Code Ann. § 99-39-1, et. seq. In his petition, Garrett alleged that the indictment by which he was charged was defective. Judge Evans entered an order denying relief to Garrett on January 19, 1996. Judge Evans found that Garrett's allegations were without merit. He also found that by the entry of his guilty pleas, Garrett had waived any deficiencies in the indictment. Garrett filed his Notice of Appeal on February 20, 1996. He assigns the following as error:

### I. THE FORM OF THE INDICTMENT FAILED TO MEET THE REQUIREMENTS

**OF RULE 2.05 OF THE UNIFORM CRIMINAL RULES OF CIRCUIT COURT PRACTICE.**

**II. THE INDICTMENT DID NOT COMPLY WITH ARTICLE 6, SECTION 169 OF THE MISSISSIPPI CONSTITUTION OF 1890.**

<u>DISCUSSION OF LAW</u>

**I. THE FORM OF THE INDICTMENT FAILED TO MEET THE REQUIREMENTS OF RULE 2.05 OF THE UNIFORM CRIMINAL RULES OF CIRCUIT COURT PRACTICE.**

Rule 2.05 of the Uniform Criminal Rules of Circuit Court Practice, which was in effect at the time Garrett pleaded guilty to the charges states, in pertinent part:

An indictment shall also include the following:

(1) The name of the accused;

(2) The date on which the indictment was filed in each court;

(3) A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;

(4) The county and judicial district in which the indictment is brought;

(5) The date and if applicable the time, on which the offense was alleged to be committed. Failure to state the correct date shall not render the indictment insufficient;

(6) The signature of the foreman of the grand jury issuing it; and

(7) The words "against the peace and dignity of the state."

Garrett argues that the indictment under which he was charged is defective because the words "against the peace and dignity of the state" are located on the page before the signature of the grand jury foreman. He contends that because part (6) of the rule concludes with the word "and", the requirement of part (7) must necessarily come after the grand jury foreman's signature.

The State argues first, that the rule does not require that the grand jury foreman's signature precede the words "against the peace and dignity of the state." Second, it argues that if this is a defect, it could be amended as a defect of form, and is therefore waived unless raised. Finally, it argues, that Garrett waived all defects of the indictment when he entered his guilty pleas.

This Court finds that Rule 2.05 in no way requires that the words "against the peace and dignity of the state" follow the foreman's signature. The word "and" in part (6) can not be read to require this. Garrett cites no authority to the contrary.

Further, we find that Garrett waived any defects in the indictment when he pleaded guilty. In **Banana v. State,** 635 So. 2d 851, 853 (Miss. 1994), this Court said there are only two exceptions to the rule

that a voluntary guilty plea waives any defects in the indictment. If the indictment fails to state an essential element of the crime charged or if there exists no subject matter jurisdiction, then the plea does not constitute a waiver. *Banana,* 635 So. 2d at 853. "A valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Id.* At 853-54 (*quoting Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991)).

Garrett's does not claim that the defect in the indictment involved an essential element of the crime charged or that it affected subject matter jurisdiction. Therefore, if there is any defect, Garrett waived it when he entered his guilty pleas.

## II. THE INDICTMENT DID NOT COMPLY WITH ARTICLE 6, SECTION 169 OF THE MISSISSIPPI CONSTITUTION OF 1890.

Garrett also contends that the indictment did not comply with the Mississippi Constitution. He argues that the Constitution requires that an indictment "conclude" with the words "against the peace and dignity of the state."

Garrett cites *McNeal v. State,* 658 So. 2d 1345, 1350 (Miss. 1995), to support his position. In that case, the portion of the indictment that charged McNeal as an habitual offender was on a separate page from the rest of the indictment, and followed the words "against the peace and dignity of the state." This Court found that the portion of the indictment charging McNeal as an habitual offender was fatally defective, and that the indictment did not comport with Section 169 of the State Constitution. The Court found the word "conclude" to be unambiguous. Even though it found the requirement "idle and meaningless," it found the requirement to be fundamental law that could not be disregarded. The Court vacated McNeal's habitual offender status. *McNeal,* 658 So. 2d at 1350.

The State argues that this Court's decision in *Brandau v. State,* 662 So. 2d 1051 (Miss. 1995), is controlling in this case. In that case, as in *McNeal,* the words "against the peace and dignity of the state" came before the portion of the indictment charging Brandau as an habitual offender. This Court held that the defect was one of form, and that it could be cured by amendment. Therefore, the Court reasoned that the defect was subject to waiver for the failure to demur to the indictment. The Court relied on Miss. Code Ann. § 99-7-21(1972), which provides that defects on the face of an indictment must be presented by way of demurrer. The Court found that Brandau did not object to the form of the indictment at the trial level, and that therefore he was barred from raising the issue. *Brandau,* 662 So. 2d at 1055. In distinguishing *Brandau* from *McNeal,* the Court noted that McNeal had objected to the deficiency of his indictment at the trial level, whereas Brandau raised the issue for the first time on appeal. *Brandau,* 662 So. 2d at 1054.

We conclude that under *Brandau,* even if Section 169 of the Mississippi Constitution requires that the words "against the peace and dignity of the state" come after the grand jury foreman's signature, the defect is one of form. Therefore, the defect was waived because Garrett did not object at the trial level.

## CONCLUSION

Garrett's claims are meritless, and the trial judge did not err in ruling that Garrett had waived any defects in the indictment through the entry of his guilty plea. The order of Judge Evans denying relief

to Garrett is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**