## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-KP-00162-SCT

*ARTHUR R. REEDER a/k/a ARTHUR RICHARD*
*REEDER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/96 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY, SR. |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/02/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/23/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Article 6, Section 169 of the Mississippi Constitution states:

> The style of all process shall be "The State of Mississippi," and all prosecutions shall be carried on in the name and by authority of the "State of Mississippi," ***and all indictments shall conclude "against the peace and dignity of the state."***

Miss. Const. of 1890, art. 6, § 169 (emphasis added). While this seems simple enough, we are repeatedly deluged with cases alleging violation of this section of the Constitution. This is another such case.

As the result of a plea bargain, in the Circuit Court of Stone County, Arthur Reeder pled guilty to

two counts of burglary and one count of arson in cause number 1710 and one count of burglary in cause number 1712. Reeder was indicted as a habitual offender based on two previous crimes committed in Louisiana. In conformity with the plea bargain the trial judge sentenced Reeder to eight years on each count, to run concurrently without eligibility of parole.

On November 30, 1995, Reeder filed a post conviction collateral relief motion to vacate and set aside the habitual offender sentence and requested a hearing. Essentially all of Reeder's claims are based on the premise that his status as a habitual offender is void since the habitual offender portion of the indictment came after the words "against the peace and dignity of the state" pursuant to Article 6, § 169 of the Mississippi Constitution. Reeder does not contend that he lacked notice that he was being charged as a habitual offender.

Reeder asserts that under *McNeal v. State*, 658 So.2d 1345 (Miss. 1995), his habitual offender status and sentence must be voided. The state counters that under *Brandau v. State*, 662 So. 2d 1051 (Miss. 1995), decided the same day as *McNeal*, that the habitual offender status need not be voided, because Reeder like Brandau was barred from raising the issue since he failed to object at trial or on a direct appeal. *Brandau*, 662 So. 2d at 1054. *Brandau* and *McNeal* are of little moment to this appeal. Reeder and the State fail to note that the counts in the indictments state that Reeder is charged as a habitual offender. For example, Count I reads, "The Grand Jurors . . . upon their oaths present: Count I, Burglary of a dwelling, Section 97-17-19, Miss. Code of 1972, as *habitual offender*, Section 99-19-81, Miss. Code of 1972 as amended. . . . and against the peace and dignity of the State of Mississippi." (Emphasis added). Counts II and III follow the same format. The indictment in cause number 1712 similarly charges Reeder for his crime as a habitual offender before stating, "against the peace and dignity of the State of Mississippi."

Under these facts *Earl v. State*, 672 So. 2d 1240 (Miss. 1996), controls our decision. In *Earl*, the indictment charged the defendant "with the habitual offender allegations as set forth in the attachment hereto . . . contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi." *Earl*, 672 So.2d at 1244. The attachment was entitled "Continuation of Indictment Against the Defendant Charles Dale Earl" and provided the sentence to be imposed upon the defendant as a habitual offender as well as the date and location of the defendant's earlier convictions. *Id.* We denied the defendant's assignment, finding that the indictment properly charged him as a habitual offender before concluding with the phrase, "against the peace and dignity of the State of Mississippi." *Id.*

The indictments here charge Reeder as a habitual offender before concluding with the phrase, "against peace and dignity of the State of Mississippi." After the conclusion, the indictments list the specific acts and convictions propelling Reeder to habitual offender status. The lists of prior convictions were on the same pages of the indictments. Following the dictates of *Earl v. State* this Court must and does conclude that Reeder was properly charged as a habitual offender. The action of the trial court in denying him post conviction relief is affirmed.

In the second portion of Reeder's complaint to this Court he charges his counsel with ineffectiveness for his failure to object to the inadequacies of the indictment in regard to the habitual offender charge.

There being no inadequacy to object to, this claim is without merit.

**LOWER COURT'S DENIAL OF POST CONVICTION COLLATERAL RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**