# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00531-SCT

*MELVIN JOHNSON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/13/96 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | ALONZO STURGEON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/5/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/18/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

This appeal comes from the Circuit Court of Adams County, which on June 13, 1996, denied Melvin Johnson's Petition for Post-Conviction Collateral Relief without an evidentiary hearing. On appeal before this Court, Johnson assigns four separate issues. However, we need address only the following issue.

## ISSUE

**I. WHETHER JOHNSON WAIVED HIS RIGHT TO APPEAL THE FORM OF THE INDICTMENT WHEN HE ENTERED HIS GUILTY PLEA IN THE TRIAL COURT.**

## STATEMENT OF THE FACTS

Melvin Johnson was indicted by the Adams County grand jury for the crimes of armed robbery and aggravated assault as an habitual offender on January 31, 1994. On February 7, 1995, Johnson pleaded guilty to all charges. Pursuant to his plea agreement, Johnson was sentenced to fifteen years as a non-habitual offender on the armed robbery offense, and twenty years as a non-habitual offender on the aggravated assault offense. The two offenses are to run consecutive to each other.

## ISSUE

**I. WHETHER JOHNSON WAIVED HIS RIGHT TO APPEAL THE FORM OF THE INDICTMENT WHEN HE ENTERED HIS GUILTY PLEA IN THE TRIAL COURT.**

Johnson bases his entire appeal on the premise that his indictment form was incorrectly drawn because the signature of the grand jury foreman came after the charging language, "against the peace and dignity of the State of Mississippi." He concludes that this alleged procedural defect violates his "fundamental right" to have the indictment conclude as required by Section 169 of the Mississippi Constitution of 1890. Johnson, however, fails to mention the effect of his guilty plea.

Concluding an indictment with the phrase, "against the peace and dignity of the State of Mississippi," is simply a procedural requirement. The proper method of pleading a defect dealing with the placement of this phrase is by demurrer. **Miss.Code Ann. § 99-7-21 (1972)**. The failure to demur to the form of the indictment in the trial court bars the defendant from appellate review based upon the form of the indictment. *Brandau v. State*, 662 So.2d 1051, 1055 (1995).

Johnson not only failed to demur to the form of the indictment, he pleaded guilty to all charges. This issue is procedurally barred from review. Accordingly, Johnson's Petition for Post-Collateral Relief was properly denied by the trial court.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND WALLER, JJ., CONCUR.**