## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 96-CA-01005-SCT

*ROBERT BUCKHALTER A/K/A ROBERT LEE
BUCKHALTER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED,
PURSUANT TO M.R.A.P. 35-A**

**<u>MEMORANDUM/PER CURIAM AFFIRMANCE</u>**

| | |
|---|---|
| DATE OF JUDGMENT: | 9/03/96 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY, SR. |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ROGER W. WILLIAMS |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/23/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/13/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

Robert Lee Buckhalter pled guilty before the Stone County Circuit Court to armed robbery and escape as an habitual offender. He was sentenced to eight years in prison on the armed robbery charge and five years on the escape charge. The sentences were to run concurrently without eligibility for parole, for a total of eight years in prison without parole. The appeal *sub judice* arises from the trial court's subsequent denial of post-conviction relief to Buckhalter.

Buckhalter contends that he was denied effective assistance of counsel when his attorney failed to demur from the habitual offender portions of the indictments, which portions appeared after the words "against the peace and dignity of the State." Section 169 of the Mississippi Constitution

requires that indictments "conclude" with the words "against the peace and dignity of the State." However, such a defect in the indictment is curable by amendment and can be waived by a valid guilty plea. ***Brandau v. State***, 662 So. 2d 1051, 1054-55 (Miss. 1995). For this reason, the performance of Buckhalter's attorney was neither deficient nor prejudicial. Therefore, Buckhalter's argument that he received ineffective assistance of counsel fails. ***See Strickland v. Washington***, 466 U.S. 668, 687 (1984).

Buckhalter's appeal is without merit. The judgment of the trial court denying post-conviction relief is affirmed, *per curiam.*

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**