749 So.2d 1248 (1999)
Harold FIELDER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CP-00829-COA.
Court of Appeals of Mississippi.
September 28, 1999.
*1249 Appellant pro se.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND MOORE, JJ.
MOORE, J., for the Court:
¶ 1. Harold Fielder appeals the denial of his motion for post-conviction relief. Finding no merit to Fielder's claims, we affirm.

FACTS
¶ 2. Fielder and two co-defendants were indicted for the crime of burglary in November of 1996. Fielder was charged as an habitual offender and pled guilty to the burglary. After he was sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC) and assessed a fine of $1,000 and one-third of the court costs, Fielder filed a motion for post-conviction relief. In that motion and in this appeal, Fielder asserts that the indictment was defective, his plea was involuntary, he received ineffective assistance of counsel, the court sentenced him under an inapplicable statute, and he was improperly charged and sentenced as an habitual offender.

ANALYSIS

I. Was the indictment defective?
¶ 3. Fielder avers that his indictment was defective for two reasons, which we address separately.

A. The indictment did not conclude with the words "against the peace and dignity of the State of Mississippi."
¶ 4. "A valid guilty plea ... admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990) (citations omitted). In Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995), the Mississippi Supreme Court articulated, "We hold that[ ] the formal defect [of placement of the language `against the peace and dignity of the State of Mississippi' within an indictment rather than at its conclusion] is curable by amendment." Id. (emphasis added). Brandau confirms that while every indictment must conclude with the language "against the peace and dignity of the State of Mississippi," the failure of a grand jury to include that language at the bottom of every page is an amendable defect and an issue that is waived if not addressed at the trial level.
¶ 5. The indictment against Fielder and his co-indictees concluded with the appropriate language on the next to last page, before the signatures of the district attorney and the grand jury foreman. Moreover, Fielder's valid guilty plea waived any alleged defect which was curable by amendment.

B. The prior charges were too "stale" to indict Fielder as an habitual offender.
¶ 6. In arguing that offenses from 1984 were too remote and should not have been considered, Fielder relies upon Mississippi Rule of Evidence 609. MRE 609 deals with impeachment of a witness by evidence of conviction of a crime. It does not apply to convictions used for the purpose of enhancing charges or sentences and, consequently, is not relevant to Fielder's case.
¶ 7. Of utmost importance is the fact that Fielder was not sentenced as an habitual *1250 offender. He was not sentenced to the maximum term of imprisonment as dictated by the habitual offender statute, Miss.Code Ann. § 99-19-81 (Rev.1994). Likewise, the "Notice of Disposition" to the MDOC does not designate his sentence as a condition of habitual offender status.
¶ 8. This assignment of error is without merit.

II. Did the court sentence Fielder under an inapplicable statute?
¶ 9. Fielder contends that the statute under which he was indicted was inapplicable because it applied only if the offender carried a deadly weapon. Fielder states that he was not armed.
¶ 10. Prior to the time that Fielder committed the crime charged, Miss.Code Ann. § 97-17-23 (Rev.1994), required that the offender be armed with a deadly weapon in order to effect conviction under the statute. However, the statute was amended, effective April 11, 1996, to read as follows:
Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by imprisonment in the Penitentiary not less than three (3) years nor more than twenty-five (25) years.
Miss.Code Ann. § 97-17-23 (Supp.1996) (emphasis added). Fielder was indicted in November, 1996, after the statute was revised to provide a maximum punishment of twenty-five years whether the offender was "armed with a deadly weapon or not." Thus, this assertion of error has no merit.

III. Was Fielder's plea involuntary?
¶ 11. "In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered." Smith v. State, 636 So.2d 1220, 1225 (Miss.1994)(quoting Gilliard v. State, 462 So.2d 710, 712 (Miss. 1985)); see also Schmitt v. State, 560 So.2d 148, 153 (Miss.1990). In Mississippi, a plea is not considered voluntary if "induced by fear, violence, deception or improper inducements." Smith, 636 So.2d at 1225 (quoting Uniform Criminal Rules of Circuit Court Practice Rule 3.03(2)).[1]
¶ 12. Fielder argues that he was improperly induced to plead guilty by fear and deception when he was told that he faced a mandatory twenty-five year sentence if he went to trial. However, the record does not support Fielder's assertion that his only reason for pleading guilty was to avoid a twenty-five year sentence. During the plea colloquy, the judge asked Fielder if the minimum and maximum penalty for the crime charged had been explained to him. Fielder responded affirmatively, and the judge asked him if he understood the possible penalty. Fielder again responded, "Yes, sir."
¶ 13. The transcript further reveals that Fielder's sworn testimony at the plea hearing was that he understood the rights he waived by pleading guilty, that his plea was not in any way induced by threats or intimidation, and that he was guilty of the crime. Also, in his petition to plead guilty, Fielder stated that he understood the maximum sentence was twenty-five years and that the judge did not have to accept the State's recommendation pursuant to a plea agreement. Fielder did not ask the trial judge any questions concerning this matter. Detecting no evidence that Fielder's plea was not made knowingly and voluntarily, we find no merit to this assignment of error.

IV. Was Fielder denied effective assistance of counsel?
¶ 14. Fielder generally alleges that his counsel was ineffective. To prevail on the *1251 issue of ineffective assistance of counsel, a claimant must overcome the two part test applied in Stringer v. State, 454 So.2d 468 (Miss.1984), adopted from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That test requires that, to establish a prima facie case, a defendant must allege (1) instances to show that his counsel's performance was deficient, and (2) that the deficient performance prejudiced him. Cole v. State, 666 So.2d 767, 777 (Miss.1995). The defendant bears the burden of showing that both prongs of the test have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss. 1985). Furthermore, the claimant must show a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Foster v. State, 687 So.2d 1124, 1129 (Miss.1996).
¶ 15. There exists a strong presumption, which may be rebutted, that counsel's conduct fell within the wide range of reasonable professional assistance. Vielee v. State, 653 So.2d 920, 922 (Miss.1995); Moody v. State, 644 So.2d 451, 456 (Miss.1994). No evidentiary hearing is warranted where the defendant fails to establish a prima facie case and the allegations are manifestly without merit. Robertson v. State, 669 So.2d 11, 13 (Miss. 1996). "Such is the case where the defendant fails to allege with `specificity and detail' that his counsel's performance was deficient and prejudicial to his defense." Id. The record does not support Fielder's allegation of ineffective assistance of counsel, and Fielder presents no proof of any specific failure on the part of his attorney. Consequently, we decide this issue adversely to Fielder.
¶ 16. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] The language of former Rule 3.03(2), UCRCCP, was retained as Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules (URCCC), adopted May 1, 1995.